**DELAWARE REALTY & INVESTMENT COMPANY, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11852.**

United States Court of Appeals Third Circuit.

Argued May 9, 1956.

Decided June 13, 1956.

---

1. 26 U.S.C.A. (1952 ed.) § 3471. See United States v. Walls, 5 Cir., 231 F.2d 440.

912

Percy W. Phillips, Washington, D. C. (Ivins, Phillips & Barker, Washington, D. C., on the brief), for petitioner.

I. Henry Kutz, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Washington, D. C., on the brief), for respondent.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

In 1948 and 1949, petitioner, a Delaware corporation, was a personal holding company within the purview of the then effective Section 501 of the Internal Revenue Code of 1939, 26 U.S.C. 1952 ed. § 501. Its tax accounting was done on a cash and calendar year basis. For the year 1949, petitioner reported that it had incurred no liability for personal holding company surtax. However, the Commissioner substantially revised petitioner's computation of its undistributed Subchapter A net income and thereby determined a surtax deficiency of $1,345,373.36. The Tax Court sustained the Commissioner and this petition for review followed.

■ The first matter in dispute is petitioner's deduction of an income tax payment. While normally, in the computation of net income, payments of federal income tax during the taxable year are not deductible, such deduction is permitted in the computation of the undistributed Subchapter A net income on which the personal holding company surtax is based. The allowable deduction is defined in Section 505(a) (1), 26 U.S.C., 1952 ed. § 505(a) (1), which provides as follows:

"Additional deductions. There shall be allowed as deductions—

"(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; but not including the tax imposed by section 102, section 500, or a section of a prior income-tax law corresponding to either of such sections."

Petitioner claims that under this language it is entitled to a deduction of $1,072,244.72, a sum which it paid in 1949

as its income tax for 1948. The Commissioner admits that payment but says that only $674,773.13 is deductible.

This disagreement stems from the fact that the Internal Revenue Code, as it applied to this corporation in 1948, had four separate tax-imposing sections. Section 13 imposed the normal income tax; Section 15, a surtax of general application; Section 500, a special surtax on certain personal holding company income; and Section 117(c), an alternative tax payable in specified situations. 26 U.S.C., 1952 ed. §§ 13, 15, 500 and 117 (c). Petitioner's ordinary corporate income tax liability for the year 1948, computed under Sections 13 and 15 would have been $674,773.19. The additional personal holding company surtax liability of petitioner for that year, computed under Section 500, would have been $2,-627,475.83. But petitioner did not return or pay a 1948 tax under any of these sections. Rather, it computed its income tax liability for 1948, under Section 117 (c) and returned and paid the amount thus computed, $1,072,247.72, as its entire tax liability on its 1948 income.

The Commissioner disallowed that deduction, holding that only $674,773.19 was deductible because that sum would have been petitioner's income tax liability for 1948 computed under the normally utilized provisions of Sections 13 and 15. The balance of $397,471.53, the Commissioner viewed as the equivalent of a payment of personal holding company surtax under Section 500, a type of tax explicitly made non-deductible by Section 505(a) (1). We find no basis for thus treating part of petitioner's 1948 tax as a Section 500 tax. The language of 117 (c) clearly provides " * * * there shall be levied, collected, and paid, in lieu of the tax imposed by sections 13, * * * 15, * * * and 500, a tax determined as follows, * * *." "In lieu of" normally means "instead of" or "in place of", and no reason has been suggested or discovered for reading it here to mean "a compendium of."

Indeed, the constituent elements of a Section 117(c) tax are not such as to warrant its analysis as containing a component assessed under Section 500. The Section 117(c) tax is calculated in a manner so different from the personal holding company surtax under Section 500 that it should be regarded as a distinct, single tax in substitution for all other income taxes rather than their approximate aggregation. The starting point of a Section 117 computation is a determination of the amount by which net long-term capital gain of a corporation exceeds its net short-term capital loss. A sum equal to 25% of that excess is one component of the Section 117 tax. The base of the other component is computed by finding the amount, if any, by which net income has exceeded this net capital gain. That amount is taxed at the rates usually applied to net income. This, of course, is a vastly different scheme from that revealed by Section 500 which imposes a special surtax on undistributed income of personal holding companies from dividends, interest, royalties, annuities and the sale or exchange of stocks or securities.

Moreover, in the present case petitioner's net income did not exceed its excess capital gains. Thus, there was no item of liability under Section 117 assessed at Section 13, 15 or 500 rates. The only component of the Section 117(c) tax was a $1,072,244.72 item, representing 25% of excess capital gains, for which there is no Section 500 analogue. On the other hand, it is not, and cannot well be disputed that Section 117(c) imposes an income tax. Therefore, this entire item is squarely within the authorization of Section 505 to deduct, in the computation of Subchapter A net income, "Federal income * * * taxes paid * * * during the taxable year".

The government makes one other point in opposition to this deduction which need not long detain us. It is now argued that the taxpayer was not eligible to use the alternative method of Section 117(c) in the computation of its 1948 tax, al-

though it in fact did so and the government accepted the payment. But, in our view, Section 117(c) was applicable to the taxpayer in 1948. By its terms that section is to be employed in lieu of "sections 13 * * * 15 * * * and 500 * * * if and only if such tax is less than the tax imposed by such sections". The Commissioner seems to reason that "such sections" means any or some of the enumerated sections rather than all of them together. We are unable to read that statute that way. We think it is immaterial that petitioner's taxes under Sections 13 and 15 alone would have been less than its Section 117(c) tax. It is admitted that petitioner's Section 117(c) tax was less than the aggregate of its taxes would have been under Sections 13, 15 and 500. That is the test under the unambiguous language of the statute. We conclude, therefore, that the $1,072,-244.72 deduction should have been allowed in full as claimed.

The second disputed item is an entirely different matter. Petitioner claims that its undistributed Subchapter A net income for 1949 should be reduced by a carryover credit of more than a million dollars representing dividends it paid in 1948 in excess of its 1948 Subchapter A net income. Rejecting this contention, the Commissioner and the Tax Court have taken the position that the petitioner's 1948 dividend payments did not exceed its 1948 Subchapter A net income, and, therefore, that there was no carryover. On this point we agree with the Tax Court and the Commissioner.

Section 504 of the 1939 Code, 26 U.S.C., 1952 ed. § 504, by express incorporation of provisions of Section 27, 26 U.S.C., 1952 ed. § 27, defines the permitted carryover dividend credit as simply the difference between the dividend paid by the corporate taxpayer in the first preceding year and its Subchapter A net income for that year. All parties here admit that the petitioner paid $8,200,000 in dividends during 1948. Therefore, the only matter in question is the amount of petitioner's Subchapter A net income for 1948. Subchapter A net income is itself defined in Section 505 as meaning, "the net income with the following adjustments: * * *." In this case it is also agreed that petitioner's net income for 1948 was $11,291,383.35. But from this figure petitioner has deducted by way of "adjustment" $4,288,978.89, the amount of its net capital gains in 1948. In challenging this "adjustment" the Commissioner points out that in defining Subchapter A net income and prescribing the method of its computation, Section 505 enumerates the permissible "adjustments" of the net income figure. In this enumeration Section 505 neither states nor suggests that any adjustment may be made on account of capital gains. Moreover, no other section of Subchapter A of Chapter 2, under which personal holding company surtax income is calculated, contains any such provision. Whether this "adjustment" is or is not a "deduction" technically, we have no doubt that its propriety is covered by the policy of the general rule that all deductions are matters of legislative grace and must be bottomed on a clear showing of statutory authorization. New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 1938, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. Dupont, 1940, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; United States v. Olympic Radio & Television, 1954, 349 U.S. 232, 235, 236, 75 S.Ct. 733, 99 L.Ed. 1094.

Petitioner seeks to avoid the total absence of authority in Subchapter A for the adjustment it claims by pointing to a collateral matter which in our view is irrelevant. Elsewhere in the Code, Section 117(c) elaborates a scheme for computing an alternative tax, already discussed in another connection in the first part of this opinion. That section uses net income as a starting point for a tax computation but provides by way of adjustment that this figure be reduced by the amount of net capital gains. But, as petitioner has properly insisted in support of its first point in this case, the tax levied under Section 117(c) is a separate

and distinct tax rather than an aggregate of Section 500 and other taxes. Therefore, the statutory details of this alternative computation do not affect the self-sufficient statutory scheme of Subchapter A for computing personal holding company surtax income. The Commissioner properly ruled that for dividend carryover purposes petitioner's Subchapter A net income must be calculated under that subchapter without reference to Section 117.

It follows that the Tax Court was correct in adjudicating a deficiency in personal holding company surtax liability for 1949, but in error with reference to one asserted component and the total amount of that deficiency. Accordingly, the decision of the Tax Court will be vacated and the cause remanded for a redetermination of the deficiency in manner consistent with this opinion.