**WOODBURY FARMS & REALTY CORPORATION**

v.

**UNITED STATES.**

No. 261–58.

United States Court of Claims.

May 4, 1960.

John H. Alexander, New York City, for plaintiff. Albin B. Voegele, New York City, and Mudge, Stern, Baldwin & Todd, New York City, on the brief.

June A. Murray, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Lyle M. Turner and Philip R. Miller, Washington, D. C., on the brief.

JONES, Chief Judge.

The taxpayer is seeking to recover personal holding company taxes paid for the years 1951 and 1953. The facts have been stipulated. The issue here is whether the taxpayer, in computing its personal holding company subchapter A net income,[1] was entitled under § 505 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 505,[2] to deduct the entire alternative tax paid in these two years pursuant to § 117(c) (1), 26 U.S.C.A. § 117(c) (1). The Commissioner disallowed a portion of this deduction and assessed an additional personal holding company tax against the taxpayer for the year 1951 in the amount of $14,721.-54, together with interest of $3,144.67. In 1953, the Commissioner again disallowed part of the deduction, and assessed an additional personal holding company tax, for which the taxpayer claims a refund in the amount of $9,582, with interest.

Section 500 imposes a rather substantial income tax on "the undistributed subchapter A net income" of a personal holding company, in addition to the corporate income taxes imposed by chapter 1 of the 1939 Code. This personal holding company tax was designed to force *current dividend distributions to shareholders and thereby discourage tax avoidance by the use of the so-called "incorporated pocketbook".* Since Federal income taxes are amounts which the holding company, in a sense, has distributed, § 505 allows a deduction for "Federal income taxes" in determining the subchapter A net income, but it specifically denies as a deduction "the tax *imposed* by * * * section 500."[3] Ob-

---

1. Subchapter A is that part of chapter 2 (additional income taxes) of the 1939 Code which imposes additional income taxes on personal holding companies. The tax is imposed on "the undistributed subchapter A net income" of the personal holding company.

2. Statutory references are to the Internal Revenue Code of 1939, unless otherwise indicated.

3. "§ 505. Subchapter A Net Income
"For the purposes of this subchapter the term 'Subchapter A Net Income'

viously, to permit the deduction of the personal holding company tax imposed by § 500 in computing that same tax would tend to diminish its effectiveness.

Section 117(c) (1), which is set out in the margin,[4] is designed to give a corporation the benefit of a lower tax rate on long-term capital gains. This favorable tax treatment is accomplished by the imposition of an *alternative tax* "in lieu of the tax imposed by section 13 [normal tax on corporations], * * * 15 [surtax on corporations], * * * and 500 [surtax on personal holding companies] * * *, if and only if such [alternative] tax is less than the tax imposed by such sections."

This alternative tax imposed by § 117 (c) (1) is determined as follows:

(A) If for any taxable year the net long-term capital gain of any corporation *exceeds* the net short-term capital loss [referred to in the Code as the "excess"], a "partial tax" is first computed upon the net income reduced by the amount of the excess, "at the rates and in the manner as if * * * [§ 117(c)] had not been enacted." In the case at bar, this would mean at the rates and in the manner prescribed by §§ 13, 15, and 500.

(B) "There shall then be ascertained an amount equal to 25 per centum [5] of the excess * * *."

(C) The "total tax" imposed by § 117 (c) (1) is the "partial tax" computed under (A) plus the amount computed under (B).

In 1950 and 1952, the taxpayer had substantial capital gains and found it to its advantage to pay the § 117(c) (1) alternative tax. In 1951 and 1953, the tax years for which the refunds are sought, the taxpayer, in computing the personal holding company surtax under § 505, deducted the entire alternative tax paid for the years 1950 and 1952, respectively, in determining its subchapter A net income.[6] It contends that this deduction was justified by the express wording of § 505 because the entire alternative tax, which is admittedly a "Federal income tax", is *imposed* by § 117(c), and not by § 500.

The Government takes the position that only the alternative tax allegedly paid "in lieu of" the tax imposed by §§ 13 and 15 is deductible under § 505 in

means the net income with the following adjustments:

"(a) Additional deductions.

"There shall be allowed as deductions—

"(1) *Federal income* * * * taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; *but not including the tax imposed by* section 102, *section 500*, or a section of a prior income-tax law corresponding to either of such sections." (Emphasis supplied.)

4. "§ 117. Capital gains and losses.

　　*　　*　　*　　*　　*

"(c) Alternative taxes. (1) Corporations.

"If for any taxable year the net long-term capital gain of any corporation exceeds the net short-term capital loss, there shall be levied, collected, and paid, in lieu of the tax imposed by sections 13, 14, 15, 204, 207(a) (1) or (3), 421, and 500, a tax determined as follows, if and only if such tax is less than the tax imposed by such sections:

"(A) A partial tax shall first be computed upon the net income reduced by

the amount of such excess, at the rates and in the manner as if this subsection had not been enacted. * * *

"(B) There shall then be ascertained an amount equal to 25 per centum of the excess of the net long-term capital gain over the net short-term capital loss. In the case of any taxable year beginning after October 31, 1951, and before November 1, 1953, there shall be ascertained, in lieu of the amount computed under the preceding sentence, an amount equal to 26 per centum of the excess of the net long-term capital gain over the net short-term capital loss.

"(C) The total tax shall be the partial tax computed under subparagraph (A) plus the amount computed under subparagraph (B)."

5. Twenty-six percent for any taxable year beginning after March 31, 1951, and before April 1, 1954.

6. Plaintiff's tax year is the calendar year and it uses the cash method of accounting. The 1950 and the 1952 alternative taxes were paid in 1951 and 1953, respectively.

determining subchapter A net income. The basis of the Government's position is that the determination under § 117(c) (1) of whether the conventional tax or the alternative tax is less should be made *separately* on each return, namely, on the corporate income tax return and on the personal holding company surtax return. Thus, the Government contends, the lesser of the two will control with respect to the determination of whether the ordinary corporate income tax (§§ 13, 15) or the alternative tax is applicable, and with respect to whether the personal holding company surtax (§ 500) or the alternative to that tax is applicable. And it is only the alternative tax "in lieu of" the corporate income tax which is deductible from personal holding company income.

Applying the Government's interpretation of § 117(c) (1) to the taxpayer in the case at bar, it is contended that the taxpayer's alternative tax of $24,604.32 for 1950, computed in the manner prescribed by § 117(c) (1), was in excess of the taxpayer's corporate income tax for the same year computed in the conventional manner, in the sum of $6,813.15; and that its alternative tax for 1952, $17,257.70, was also in excess of its corporate tax for the same year conventionally computed, $6,795.93. The Government then argues that the taxpayer became liable for the excess over the corporate income tax only because it was a personal holding company, and that therefore the excess in each year was not a tax "in lieu of" corporate income tax, but a tax "in lieu of" the § 500 personal holding company tax.

In certain circumstances, the Government's position could be said to implement the policy against the deduction of the personal holding company tax in computing the § 500 surtax. However, we cannot accept the basic premise of this position, which is that § 117(c) (1) imposes more than a *single* alternative in-

come tax. The language of § 117(c) (1) is too clear to be susceptible to such a strained interpretation.

Furthermore, under the Government's interpretation of § 117(c) (1), if *each* alternative to the tax imposed by §§ 13, 15, and 500 is less than the tax imposed by these sections, the personal holding company would presumably be required to pay three separate alternative taxes of 25 percent on its capital gains. There is no support for such a result in the legislative history of this section.

Since we hold that § 117(c) (1) imposes a *single* alternative tax "in lieu of", or in substitution of, the taxes imposed by §§ 13, 15, and 500, the next question presented is whether any part of this alternative tax is "imposed" by § 500, and is therefore not deductible in determining subchapter A net income under § 505.[7] The plaintiff contends that this deduction is justified by the express wording of § 505(a) (1) because (1) the alternative tax is a "Federal income tax," and (2) although a portion of the "partial tax" might be *computed* at the rates and in the manner set out in § 500, the entire alternative tax is nevertheless *imposed* by § 117(c) (1), and not by § 500. The court is aware that in certain circumstances, which do not however exist in this case, the interpretation urged by the plaintiff appears to take some of the edge off the policy expressed in § 505 against deducting personal holding company taxes in computing subchapter A net income. We are nevertheless compelled to agree that the entire alternative tax is *imposed* by § 117(c), and that it may be deducted in full under the express language of § 505. Accord, Delaware Realty & Investment Co. v. Commissioner, 3 Cir., 1956, 234 F. 2d 911. In 1954 the Congress apparently removed the difficulties created by the language of § 505 by excluding the personal holding company tax from the computation of the alternative tax. See §

---

7. It is not denied that the single alternative tax paid in 1950 and in 1952 pursuant to § 117(c) (1) was less than the taxes which would otherwise have been imposed by §§ 13, 15, and 500.

1201 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1201; H.R.Rep. No. 1337, 83d Cong., 2d Sess. 56 (1954).

Moreover, in the case at bar the taxpayer's net income for each of the years 1950 and 1952 was not more than the excess of its net long-term capital gain over its net short-term capital loss. The alternative tax was therefore computed exclusively under subparagraph (B) of § 117(c) (1). The single component of the § 117(c) (1) tax was $24,604.32 in 1950 and $17,257.70 in 1952, representing 25 percent of excess capital gains in 1950 and 26 percent of excess capital gains in 1952, for which there is no § 500 analogue. There was no item of lia-bility computed under subparagraph (A) at § 13, § 15, or § 500 rates. Since it is not denied that § 117(c) (1) imposes a "Federal income tax", the entire alternative tax is therefore deductible under § 505 in determining subchapter A net income. Accord, Delaware Realty & Investment Co. v. Commissioner, 234 F.2d at page 913.

Accordingly, plaintiff is entitled to recover $27,448.21, together with interest as provided by law.

It is so ordered.

LITTLETON, Judge (Ret.), and LARAMORE, MADDEN and WHITAKER, Judges, concur.