## OLYMPIC RADIO & TELEVISION, Inc. v. UNITED STATES.

No. 19-52.

United States Court of Claims

March 3, 1953.

———————

Frederick R. Tansill, Washington, D. C., Eugene Meacham, Washington, D. C., on the briefs, for plaintiff.

Elizabeth B. Davis, Washington, D. C., Ellis N. Slack, Acting Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

In our opinion on plaintiff's and defendant's motions for summary judgment filed November 4, 1952, we held that the words "paid or accrued" in section 122(d)(6) of the Internal Revenue Code, 26 U.S.C.A. § 122(d)(6) must be construed as permitting a deduction for excess profits taxes paid in the taxable year in which a loss had been sustained, although the taxpayer filed its returns on an accrual basis; and we accordingly granted plaintiff's motion for a summary judgment.

Defendant has now filed a motion for a rehearing in which it presents a persuasive argument that our decision is wrong, but after careful consideration of defendant's motion and the authorities cited, we adhere to our former opinion.

However, defendant in its motion for a rehearing calls our attention to the provisions of sections 711(a)(1) and 711 (a)(2) of the Internal Revenue Code, as added by the Second Revenue Act of 1940, § 201, 54 Stat. 976, to which subsections (J) and (L) were added by sections 210(a) and 210(b) of the Revenue Act of 1942, 56 Stat. 907 and 908, which read in part as follows:

"Excess Profits Net Income

"(a) *Taxable years beginning after December 31, 1939.* The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13(a)(2), for such year except that the following adjustments shall be made:

"(1) *Excess profits credit computed under income credit.* If the excess profits credit is computed under section 713, the adjustments shall be as follows:

\*    \*    \*    \*    \*    \*

"(J) *Net operating loss deduction adjustment.* The net operating loss deduction shall be adjusted as follows:

"(i) In computing the net operating loss for any taxable year under section 122(a), and the net income for any taxable year under section 122(b), no deduction shall be allowed for any access profits tax imposed by this subchapter, \* \* \*.

"(2) *Excess profits credit computed under invested capital credit.* If the excess profits credit is computed under section 714, the adjustments shall be as follows:

\*    \*    \*    \*    \*    \*

"(L) *Net operating loss deduction adjustment.* The net operating loss deduction shall be adjusted as follows:

"(i) In computing the net operating loss for any taxable year under section 122(a), and the net income for any taxable year under section 122(b), no deduction shall be allowed for any excess profits tax imposed by this subchapter, \* \* \*."

In computing the credit which the Act allows to be taken against excess profits net income, subsections (J) and (L) plainly forbid the deduction of the excess profits taxes in question in this case, whether or not they were paid or accrued within the taxable year.

Section 122(d)(6) of the Internal Revenue Code permits a deduction of excess profits taxes paid or accrued within the taxable year in computing the net operating loss deduction, but when a taxpayer comes to compute his excess profits credit against excess profits net income, he is denied this

deduction. The result is that the deduction allowed by section 122(d)(6) can be used only in the computation of the ordinary corporate income tax and the corporation surtax net income, but it cannot be used in the computation of the excess profits tax.

Plaintiff seems to admit that this is correct where the excess profits tax is computed under section 710(a)(1)(A) of the Internal Revenue Code, as amended by the Revenue Act of 1942, but it says that it is not correct when the excess profits tax is computed under section 710(a)(1)(B) of the Internal Revenue Code, as amended by the Revenue Act of 1942.

Section 710(a)(1) provides that the excess profits tax shall be the lesser sum computed under subsection (A) and subsection (B). Subsection (A) provides for a tax of 90 per centum of the adjusted excess profits net income, increased to 95 per centum by the Revenue Act of 1943. Subsection (B) provides for a tax which shall be "an amount which when added to the tax imposed for the taxable year under Chapter 1 (other than section 102) equals 80 per centum of the corporation surtax net income, * * *."

Plaintiff says that when it computed its tax under subsection (B), it arrived at a figure which was less than that computed under subsection (A), and, therefore, that the tax to be demanded of it is a tax computed under subsection (B); and then it says that in computing the excess profits tax under subsection (B) it is not prohibited from deducting the excess profits taxes paid or accrued in another year in which it had sustained a loss.

We think this position is sound.

Section 711(a) provides that the excess profits net income, upon which the excess profits tax is levied, shall be the normal tax net income with the following adjustments:

"If the excess profits credit is computed under section 713, the adjustments shall be as follows: * * * [subsection (1)]."

Subsection (J)(i) provides for the "Net operating loss deduction adjustment." It says, "The net operating loss deduction shall be adjusted as follows:"

"(i) In computing the net operating loss for any taxable year under section 122(a), and the net income for any taxable year under section 122(b), no deduction shall be allowed for any excess profits tax imposed by this subchapter, * * *."

The same restriction is made if the excess profits credit is computed under section 714.

Therefore, when a taxpayer goes to compute his excess profits tax under section 710(a)(1)(A) he cannot take credit for "any excess profits tax imposed by this subchapter"; and he must pay 95 per centum of his excess profits net income, less the adjustments allowed, which exclude an adjustment for excess profits taxes paid in another year.

However, section 710(a)(1) provides that if the amount of the excess profits tax computed under subsection (A) is greater than the amount computed under subsection (B), then the taxpayer is required to pay only the amount computed under subsection (B).

So, the taxpayer proceeds to compute its excess profits tax under subsection (B). This subsection provides that the tax is "an amount which when added to the tax imposed for the taxable year under Chapter 1 (other than section 102 equals 80 per centum of the corporation surtax net income, computed under section 15 or Supplement G, as the case may be, but without regard to the credit provided in section 26 (e) (relating to income subject to the tax imposed by this subchapter)."

It will be seen that in computing the tax under subsection (B), the taxpayer is not concerned with its adjusted excess profits net income. What it is concerned with is the tax imposed under Chapter 1, which is the normal corporation tax and the corporation surtax net income. This subsection says that the excess profits tax, as computed under it, is the difference between 80 per centum of the corporation surtax net income and the normal corporation income tax.

When computing the tax under subsection (B), no regard is to be had to the excess profits net income, but only to the ordinary net income and the corporation

surtax net income. No one denies that in computing the ordinary net income that the taxpayer is permitted to carry back or forward the net operating loss in another year, which net operating loss includes a deduction for the excess profits tax paid or accrued within the taxable year in which there was a loss. This is also true in the computation of the surtax net income.

Section 711(a) relates alone to the computation of the excess profits net income; it does not relate to the computation of the ordinary corporate net income nor to the surtax net income; hence, the prohibition therein contained against the deduction of excess profits taxes in a year in which a loss was sustained does not apply when a corporation is computing its ordinary net income or its surtax net income.

Therefore, inasmuch as this taxpayer's tax was computed under section 710(a)(1)(B) of the Revenue Act of 1942, and since the tax imposed by this section is not based on excess profits net income, the limitation imposed by subdivision (J)(i) of section 711(a)(1) and subdivision (L)(i) of section 711 (a)(2) is not applicable.

It results that the judgment heretofore entered in the sum of $148,841.72 will stand.

HOWELL and LITTLETON, Judges, concur.

JONES, Chief Judge, and MADDEN, Judge, adhere to the views expressed in there former dissenting opinion.