# UNITED STATES *v.* OLYMPIC RADIO & TELEVISION, INC.

No. 10.   Argued April 18–19, 1955.—Decided May 23, 1955.

*Assistant Attorney General Holland* argued the cause for the United States.   With him on the brief were *Solicitor General Sobeloff, Ellis N. Slack, Ralph S. Spritzer, Lee A. Jackson* and *I. Henry Kutz.*

*Fred R. Tansill* argued the cause for respondent.   With him on the brief was *Eugene Meacham.   William H. Krieg* entered an appearance for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This suit was brought in the Court of Claims for a tax refund. The taxpayer, a New York corporation, kept its books and accounts on the accrual basis and filed its federal income tax returns on the same basis, using the calendar year. The taxpayer had a net operating loss of $310,872.60 for 1946. This loss was carried back and set off against the taxpayer's excess profits net income for 1944, and its excess profits tax for 1944 was adjusted accordingly. That carry-back was authorized by the Internal Revenue Code of 1939, § 122; and it is not in controversy here.

The taxpayer reported an excess profits tax liability of $346,643.22 for 1945. In 1946 the taxpayer paid $263,272.80 in excess profits taxes for 1945. It contends that that amount, paid in 1946, should have been added to the net operating loss of $310,872.60 for that year and that the sum of those figures, instead of $310,872.60, should have been carried back to 1944 as a net operating loss. If that should have been done, the United States would now owe the taxpayer the refund claimed.

The Court of Claims, by a divided vote, sustained the taxpayer's contention and held that, in computing its net operating loss for 1946, the taxpayer was entitled to include the amount of excess profits tax paid in 1946 on account of its 1945 return. Judgment was accordingly entered for the taxpayer. · 124 Ct. Cl. 33, 39, 108 F. Supp. 109, 110 F. Supp. 600. The case is here on a petition for a writ of certiorari which we granted (348 U. S. 808) because of a conflict between the decision below and *Lewyt Corp.* v. *Commissioner*, 215 F. 2d 518, decided by the Court of Appeals for the Second Circuit.

Section 23 (s) of the Internal Revenue Code provides that, in computing net income, "the net operating loss

deduction computed under section 122" shall be allowed as a deduction. Section 122, as applicable here, provides a complicated formula for carrying net operating losses back for two preceding taxable years and over into the two succeeding taxable years, thus taking for the limited purpose of § 122 a five-year period as the accounting unit. The part of § 122 of which the taxpayer seeks to take advantage is (b)(1) relating to the carry-back.* By the express terms of § 122 (b)(1) the carry-back provisions are subject to the limitations contained in § 122 (d)(6), which provides in part, "There shall be allowed as a deduction the amount of tax imposed by Subchapter E of Chapter 2 paid or accrued within the taxable year . . . ." Subchapter E of Chapter 2 identifies the tax which may be used as a deduction as the Excess Profits Tax. But if it is to be used as a deduction, the tax must have been "paid or accrued" within the taxable year.

The controversy here revolves around the meaning of "paid or accrued." The years 1944 and 1945 were years of profit for the taxpayer. The years 1946 and 1947 were years of loss. The taxpayer kept its books and filed its returns on the accrual basis of accounting. Its 1945 excess profits tax therefore accrued in 1945, though it was paid in 1946. Yet the argument which prevailed below

---

*Section 122 (b)(1) is entitled "Net operating loss carry-back" and reads as follows:

"If for any taxable year beginning after December 31, 1941, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year computed (A) with the exceptions, additions, and limitations provided in subsection (d)(1), (2), (4), and (6), and (B) by determining the net operating loss deduction for such second preceding taxable year without regard to such net operating loss."

is that the tax paid in 1946 on account of the liability for 1945 could be used under § 122 (d)(6) as a net operating loss for 1946.  We take the other view and conclude that § 122 (d)(6) does not grant a taxpayer an option to take deductions on a basis that is inconsistent with the method of accounting which it employs.

Section 41 states the general rule that net income shall be computed "in accordance with the method of accounting regularly employed in keeping the books" of the taxpayer.

Section 43 provides that deductions and credits may be taken "for the taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."

Section 48 provides, "When used in this chapter . . . (c) The terms . . . 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part." This provision of § 48 would itself seem to be conclusive of the question, since § 122 is "in this chapter," to use the language of § 48.   And § 48, together with § 41 and § 43, seem to indicate that the words "paid or accrued" have only one meaning throughout the chapter, not the changeable meaning which the taxpayer seeks to give them.

We deal here with a deduction which one obtains not as of right, but as of grace.  *Deputy* v. *du Pont,* 308 U. S. 488, 493.   The taxpayer has the burden to show that it is within the provision allowing the deduction.   But the effort here made, if successful, would cause "paid or accrued," as used in § 122 (d)(6), to mean something different than it does in other sections of the same chapter; and that would fly in the face of the express command of § 48.

The Court of Claims recognized the force of this analysis, but concluded that Congress could not have meant what it said because, if so, this particular carry-back provision would have little application. First, most corporations are on the accrual not the cash basis. Second, if an accrual taxpayer is limited in its deductions to excess profits taxes accrued within the taxable year, the provision has little value since there is "rarely a case when a taxpayer would be liable for any excess profits tax in a year in which it had sustained a net operating loss . . . ." 124 Ct. Cl., at 37, 108 F. Supp., at 111. This taxpayer argues the inequity of the results which would follow from our construction of the Code. But as we have said before, "general equitable considerations" do not control the question of what deductions are permissible. *Deputy* v. *du Pont, supra,* at 493. It may be that Congress granted less than some thought or less than was originally intended. We can only take the Code as we find it and give it as great an internal symmetry and consistency as its words permit. We would not be faithful to the statutory scheme, as revealed by the words employed, if we gave "paid or accrued" a different meaning for the purposes of § 122 (d)(6) than it has in the other parts of the same chapter.

Our construction is in harmony with the general rule that a taxpayer on an accrual basis must take deductions in the year of accrual. See *Security Mills Co.* v. *Commissioner,* 321 U. S. 281.

The fact that the construction we feel compelled to make favors the taxpayer on the cash basis and discriminates against the taxpayer on the accrual basis may suggest that changes in the law are desirable. But if they are to be made, Congress must make them.

*Reversed.*

Mr. Justice Harlan took no part in the consideration or decision of this case.