HOOVER MOTOR EXPRESS COMPANY, Inc., Appellant,

v.

UNITED STATES of America, Appellee.

No. 12831.

United States Court of Appeals Sixth Circuit.

Jan. 4, 1957.

Judson Harwood, Nashville, Tenn., for appellant.

Charles K. Rice, Lee A. Jackson, George F. Lynch, Washington, D. C., Fred Elledge, Jr., Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, and STEPHENS and McALLISTER, Circuit Judges.

PER CURIAM.

The issue in this case is whether fines paid by a truck operator for violation of state laws prescribing weight limitations are deductible from gross income as ordinary and necessary business expenses under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A), which provides that, in computing net income, there shall be allowed as deductions all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The district court held that such fines were not deductible under the above-mentioned section of the statute. The taxpayer challenged the decision of the district court on the ground that none of the violations for which the penalties were imposed were wilful; and that it had taken all practicable precautions to avoid such violation. Deductions allowed by the statute are matters of legislative grace; and the burden is on the taxpayer to show his claim is within its provisions. United States & Olympic Radio & Television, 349 U.S. 232, 75 S.Ct. 733, 99 L.Ed. 1024. The Bureau of Internal Revenue and the courts have, from time to time, narrowed the generally accepted meaning of the language used in Sec. 23(a) in order that tax deduction consequences might not frustrate sharply defined national or state policies prescribing particular types of conduct. Where a taxpayer has violated a federal or a state statute and incurred a fine or penalty, he has not been permitted a tax deduction for its payment. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 473, 64 S.Ct. 249, 88 L.Ed. 171.

The trial court in the instant case held that the underlying policy of the laws under which the fines were paid was not only to protect the highways of the state but also to protect the persons using them. The trial court further declared that assuming the taxpayer took every precaution that could fairly be demanded consistent with a practical operation of its business, and that it did not act with wilful intent, nevertheless, the allowance of the claimed deductions would frustrate the clearly defined policies of the applicable state weight limitation laws. The claimed deductions were,

therefore, disallowed. With these views, we concur.

The judgment of the district court is accordingly affirmed upon the opinion of Judge Miller, 135 F.Supp. 818.