THE BUDD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79626. Filed February 5, 1960.

*Frederick E. S. Morrison, Esq.*, for the petitioner.
*John W. Holt, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The petitioner has moved for judgment on the pleadings. The parties agree that all facts essential to a decision are

814

pleaded and admitted. Such facts are adopted as the findings of fact, for that purpose.

The petitioner sustained a net operating loss for 1946; it exceeded the net income of the petitioner for 1944; it was allowed as a net operating loss carryback to 1944 to the extent necessary to wipe out the net income for that year; and, as a result, income and excess profits taxes theretofore paid by the petitioner for 1944 were later refunded. Section 122(b)(1) clearly provides that a net operating loss for 1946—

shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year [1945] shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year [1944] * * *.

The Supreme Court in *United States* v. *Olympic Radio & Television, Inc.*, 349 U.S. 232, and also in the companion case of *Lewyt Corporation* v. *Commissioner*, 349 U.S. 237, made it clear that a 1946 net operating loss is to be carried back first to 1944 and used to wipe out 1944 net income. See also *Budd Company* v. *United States*, 252 F. 2d 456 (C.A. 3). The parties agree that the amount of the 1946 net operating loss and the amount of the 1944 net income used in making the refunds of 1944 taxes were correct. No error of any kind was involved in the refund of the petitioner's income and excess profits taxes for 1944.

Nevertheless, the Commissioner by a notice mailed February 12, 1959, which was more than 8½ years after the limited period for assessing and collecting any further income or excess profits taxes for 1944 had expired, advised the petitioner that the Commissioner had determined deficiencies for 1944 of $650,722.78 in income tax, and $4,645,714.64 in excess profits tax. His statement accompanying this notice showed the addition to 1944 income of $7,178,400.87 as "Amount claimed twice" and the following explanation:

It is determined that the decision of the Court of Appeals for the Third Circuit dated November 27, 1957 and reported at 252 F 2d 465, holding that you were entitled, to use in the year 1947 a net operating loss carry-over from the year 1946 resulted in a double deduction of your excess profits tax, applicable to the year 1944, and previously allowed in the computation of your net operating loss deduction for the year 1944. Therefore, the deduction of excess profits tax previously allowed in respect to the year 1944 is disallowed to the extent of the deduction duplicated in the year 1947, upon the authority of Section 1311–1315 of the Internal Revenue Code of 1954.

Included in the statement was a computation in which he used $10,807,488.06 as the 1946 net operating loss and $10,155,059.06 as the 1944 net income. The petitioner sustained a small net operating loss in 1945 which is not material herein. The $7,178,400.87 which the Commissioner introduced and added to the correct 1944 net income in order to compute the "deficiencies" for 1944 was the 1947 net income

reduced by the actual excess[1] of the 1946 net operating loss over the 1944 net income. The petitioner, of course, had no such income in 1944 and the excess profits taxes were not "previously allowed in the computation of your net operating loss deduction for the year 1944." The present proceeding results from the Commissioner's efforts to recoup taxes for 1944 on the amount of the 1947 net income which was in excess of the portion of the 1946 net operating loss not used originally to wipe out 1944 taxes on the correct 1944 net income. He relies upon sections 1311–1315 of the 1954 Code as his authority for mailing the notice on February 12, 1959.

The Code did not impose any excess profits taxes for 1947 and the suit for refund in the District Court relating to that year was for income taxes only. The petitioner in its opening brief in the present case filed September 22, 1959, pointed out that sections 1311–1315 of the 1954 Code would not authorize the imposition of additional excess profits taxes for 1944 under any circumstances. Counsel for the Commissioner, apparently realizing this, had filed an amended answer on September 16, 1959, claiming a deficiency in income tax of $2,906,151.19 for 1944, and in his brief filed November 9, 1959, he conceded that there is no deficiency in excess profits tax for 1944. He set forth in that brief a new complex and labored theory in support of the increase in the income tax deficiency. Here again he relies, as he must, upon sections 1311–1315 of the 1954 Code in order to avoid the statute of limitations on assessment and collection.

Those provisions create a new period for assessment and collection of a deficiency to correct an "error" in an earlier barred or closed year where in a later year a taxpayer obtains a tax benefit from a position inconsistent with the earlier "error" from which he also benefited tax-wise.[2] They have no application here since no error was committed in the earlier closing of the 1944 tax liabilities and the petitioner obtained no benefit based upon a 1944 error from the November 27, 1957, decision of the Court of Appeals. It was recognized throughout the suit for refund of 1947 income taxes that the application of the 1946 net operating loss, first to wipe out 1944 income entirely and thus justify the 1944 refunds, was precisely in accordance with section 122 of the 1939 Code. *Budd Company* v. *United States*, 148 F. Supp. 792,

---

[1] Apparently the net operating loss deduction which the Commissioner would compute for 1947 without any "double deduction."

[2] The Commissioner in his brief requests as an ultimate finding of fact, and it is essential to start the running of a new period for assessment and collection, the following:

"Because of the inconsistent position which has been maintained by the petitioner with respect to the use of its 1946 net operating loss and because of the *erroneous* allowance by the respondent of an excessive and improper amount of such loss as a net operating loss deduction in petitioner's 1944 taxable year petitioner's taxable income in 1944 was understated in the amount of $7,266,002.12 and its income tax was understated in the amount of $2,906,151.19." (Emphasis supplied.)

affd. 252 F. 2d 456. See also *Lewyt Corporation* v. *Commissioner*, *supra*.

The Commissioner, here for the first time, takes the position that a 1946 net operating loss is not to be used first to offset 1944 net income to the fullest extent possible in order to wipe out that income and all income and excess taxes based thereon. He had, from the inception of these net operating loss carryback provisions in the Revenue Act of 1942, consistently applied the net operating loss first to the second preceding year to the extent of the income of that year or to the extent of the loss, whichever was smaller. His regulations required this and the Court decisions are consistent therewith. The Commissioner cites no decided case which is to the contrary.

The persistence of the Commissioner with respect to the present taxpayer is understandable but nonetheless unavailing as to 1944, at least. The Budd Company sued to recover 1947 income taxes and in that connection alleged that certain adjustments to 1944 net income are proper for the purpose of computing a carryover under section 122(b)(2) of a part of the 1946 loss to 1947, including a reduction under section 122(d)(6) of over $8 million of excess profits tax accrued for 1944, despite the fact that those taxes had been refunded in 1947. Its 1944 net income so adjusted was only about $1½ million and thus over $8 million of the 1946 net operating loss was available as a net operating loss deduction for 1947 and was in excess of the 1947 net income. The District Court held for the Budd Company. The Court of Appeals for the Third Circuit, in affirming the District Court, said:

> The Government, however, disputes this even with the embarrassing precedent of Lewyt Corp. v. Commissioner, 1955, 349 U.S. 237, 75 S. Ct. 736, 99 L. Ed. 1029, which bears upon §§ 122(b)(1) and 122(d)(6). In that case the Government argued that the taxpayer, having recovered part of his money paid as 1944 excess profits taxes, due to the first application of the 1946 net operating loss, should not be able to utilize that amount as a reduction of the 1944 net income in computing the carry-back of that loss to 1945. The Court held otherwise. The opinion was narrowly based on the reasoning that § 122(d)(6) permitted the reduction from 1944 income of taxes accrued in 1944 and that figure could not be affected by events occurring in later years, even if they resulted in less taxes ultimately found to be due. As a result of this decision a larger portion of the loss remained unabsorbed and available for the second application as a carry-back in 1945.
>
> Finding itself defeated on this approach, the Government now attacks the problem from another direction. Here it concedes that the appellee is entitled under Lewyt to use the full amount of its 1944 excess profits tax in computations which eventually culminate in a reduction of its 1947 tax. However, the United States now contends that the taxpayer, having obtained this benefit from the 1944 tax, should be required to account for that part of the tax which it has gotten back from the Treasury as income either in 1946 when the refund accrued or in 1947 when it was actually paid.

The Court of Appeals held that the district judge had properly applied the statute in holding that the refunds of the 1944 taxes were not taxable income in 1946 or 1947.

The present case is the next effort of the Commissioner to recoup what he can in the face of what he regards as a double use of the 1944 excess profits taxes in applying the 1946 net operating loss, which double use, he urges, was not intended by Congress. These excess profits taxes were not used, of course, in computing the 1944 net income against which the 1946 net operating loss was first applied, but they were subtracted from that net income in computing the amount of the net operating loss deduction to be carried over to 1947 under the decision of the Court of Appeals for the Third Circuit, following the decision of the Supreme Court in the *Lewyt* case. The fact that the petitioner received this benefit in 1947 is not justification for going back to 1944 and making compensating changes just to prevent a double benefit, particularly when such compensating changes are not authorized by, but are contrary to, the provisions of section 122 in respect to how the 1946 net loss shall be applied to 1944 net income.

There are no deficiencies for 1944 and furthermore the Code bars assessment and collection, since sections 1311–1315 of the 1954 Code do not apply. Further discussion of the Commissioner's contentions is not justified or required.

*Decision will be entered for the petitioner.*