COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

**H. B. IVES COMPANY, Respondent.**

No. 4, Docket 26275.

United States Court of Appeals
Second Circuit.

Argued Nov. 2, 1961.

Decided Dec. 28, 1961.

Fred E. Youngman, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for petitioner.

Alphonsus R. Romeika, of Romeika, Fish & Scheckter, Philadelphia, Pa. (R. C. McCreedy, New York City, on the brief), for respondent.

Before CLARK, HINCKS and FRIENDLY, Circuit Judges.

HINCKS, Circuit Judge.

The Commissioner petitions for review of a Tax Court holding that an authorization of expenditure by the respondent's board of directors was an accrued liability in the year of authorization.

Taxpayer reports its income on an accrual basis. On November 24, 1953, desiring to benefit four elderly employees who had not qualified for the company pension plan, the board of directors resolved that "$22,000 be appropriated and set aside immediately for the purchase of annuity contracts for the four employees, that the President be authorized to negotiate with various insurance companies and enter into the necessary annuity contracts * * * and that the moneys hereby appropriated and set up as a liability of the corporation as of this date and that negotiations with the insurance company be completed prior to February 15, 1954 * * *"

The taxpayer's president then commenced negotiations with an insurance company, but due to difficulties in obtaining the correct ages of the employees, the contracts were not executed until January 15, 1954. On December 13, 1953, the taxpayer had made an entry on its books debiting "Pensions Paid," and crediting "Accounts Payable," $22,463.89. In February 1954, it paid the insurance company $22,100.42. The question is whether it was right in deducting the price of the contracts from its income for 1953.

Section 23(a) (1) (A), 1939 Code, 26 U.S.C.A. § 23(a) (1) (A), allows a deduction for all ordinary and necessary expenses "paid or incurred" during the taxable year. Section 43, 26 U.S.C.A. § 43, adds the prescription that such deductions "shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."

■ Both receipts and liabilities are to be reported by accrual-basis taxpayers not when cash changes hands, but when "all the events * * * occur which fix the amount of the [liability] and determine the liability * * * to pay it," United States v. Anderson, 269 U.S. 422, 441, 46 S.Ct. 131, 134, 70 L.Ed. 347 (1926). And although the taxpayer's accounting may be acceptable by general business standards, the "economic and bookkeeping sense" of §§ 41, 42, and 43 of the 1939 Code, 26 U.S.C.A. §§ 41, 42, 43, is decided not by passive acceptance of the taxpayer's methods, but by the principles of the tax law. See American Automobile Ass'n v. United States, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109 (1961).

■■ Thus neither the resolution of respondent's board of directors, nor the entry on its books, in themselves establish the proper accrual of the claimed liability in 1953. Deduction could be claimed only when the liability to pay became certain. United States v. Anderson, supra; United

States v. Olympic Radio & Television, Inc., 349 U.S. 232, 75 S.Ct. 733, 99 L.Ed. 1024 (1955); see United States v. Consolidated Edison Co., 366 U.S. 380, 81 S. Ct. 1326, 6 L.Ed.2d 356 (1961). Yet Ives was under no obligation to pay the insurance company until the contracts were executed in 1954. And while its board may commendably have felt a moral obligation to the four employees, no underlying legal obligation similar to that found in Champion Spark Plug, 30 T.C. 295, aff'd per curiam, 266 F.2d 347 (6th Cir.1959), can be said to exist here. Since the obligation to pay was not certain until 1954, the expenditure was not "paid or incurred" in 1953, within the meaning of § 23, 1939 Code.

Reversed and remanded.