**Jack ROSE, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71-1944.**

United States Court of Appeals, Sixth Circuit.

May 1, 1972.

Jack Rose, in pro. per.

Louis A. Bradbury, Tax Div., Dept. of Justice, Washington, D. C., for appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and FEIKENS*, District Judge.

PER CURIAM.

This is an appeal from a decision of the United States Tax Court which found deficiencies in income tax due from the taxpayer for the taxable year 1966. (P–H Memo T.C., par. 71.147 (1971)).

The facts are relatively simple. Prior to 1966 the taxpayer's wife instituted

---

* Honorable John Feikens, United States District Court for the Eastern District of Michigan, sitting by designation.

an action for divorce in the Circuit Court, Oakland County, Michigan. The Circuit Court entered an order directing taxpayer to pay a $3,000 counsel fee to the wife's attorney. The taxpayer paid the fee and took a deduction on his 1966 Federal Income Tax Return on the ground that the counsel fee was alimony. The Commissioner disallowed the counsel fee as being an inappropriate deduction under the provisions of Section 215 of the Internal Revenue Code of 1954, 26 U.S.C. § 215. The taxpayer appealed to the Tax Court which sustained the Commissioner's disallowance of this deduction.

■ The taxpayer here complains that he was not given an adequate hearing before the Tax Court, and that the denial of an opportunity to explain to the United States Tax Court why he was entitled to the tax deduction claimed constituted a denial of due process. The record shows that the taxpayer was given a hearing before the Tax Court and afforded an opportunity to file a reply brief to the Commissioner's brief. The taxpayer now complains that he was not properly advised by the Commissioner or by the Tax Court of the issues of fact upon which the Commissioner would rely and was not informed of the cases upon which the Commissioner would rely or the cases which would be cited by the Tax Court in its opinion.

■■ The taxpayer misunderstands his obligations under the Internal Revenue Code. Under the Code the burden of establishing the right to a deduction is on the taxpayer. As stated in United States v. Olympic Radio and Television, 349 U.S. 232, 235, 75 S.Ct. 733, 99 L. Ed. 1024 (1955):

"We deal here with a deduction which one obtains not as of right, but as of grace. Deputy v. du Pont, 308 U.S. 488, 493 [60 S.Ct. 363, 366, 84 L.Ed. 416]. The taxpayer has the burden to show that it is within the provision allowing the deduction."

and more generally the same rule is reflected in Norton v. Commissioner of Internal Revenue, 192 F.2d 960, 961, 962 (8th Cir. 1951), and see also Service Life Insurance Company v. United States, 293 F.2d 72, 77 (8th Cir. 1961); Renstrom v. United States,. 220 F.Supp. 688, 691 (D.C.Neb.1963).

For the reasons herein stated and for the reasons stated in the opinion of the Tax Court the judgment of the Tax Court is affirmed.