T.C. Summary Opinion 2014-105

UNITED STATES TAX COURT

RICHARD A. BORING AND MARGARET A. BORING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 16195-12S, 26201-12S,      Filed November 10, 2014.
1070-13S.[1]

Richard A. Boring and Margaret A. Boring, pro sese.

Christopher J. Richmond, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  These cases were heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[2]

_____

[1]These cases were consolidated for trial, briefing, and opinion on February
25, 2014.

[2]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years at issue and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined income tax deficiencies for petitioners' 2007, 2008, and 2009 tax years of $19,838, $22,841, and $34,615, respectively. Respondent determined late filing additions to tax under section 6651(a)(1) for 2007, 2008, and 2009 of $4,959, $5,556, and $7,281, respectively.[3] Respondent also determined accuracy-related penalties under section 6662(a) for 2007, 2008, and 2009 of $3,967, $4,568, and $6,923, respectively.

The issues for consideration are: (1) whether petitioners are entitled to carry over a $88,787 net operating loss deduction (NOL) to the 2007 tax year; (2) whether petitioners are entitled to deduct various expenses reported on Schedules C, Profit or Loss From Business, for 2007, 2008, and 2009; (3) whether, in the alternative, petitioners are entitled to claim any of the expenses reported on

---

[2](...continued)
Court Rules of Practice and Procedure.

[3]In their petitions, petitioners did not contest the late filling additions to tax, and they offered no evidence at trial as to those additions. Accordingly, petitioners have abandoned this issue and it is treated as conceded in each case before the Court.

Schedule C as itemized medical expense deductions in excess[4] of the amounts conceded by respondent; and (4) whether petitioners are liable for accuracy-related penalties for 2007, 2008, and 2009.

## Background

Petitioners resided in Westlake Village, California, at the time their petitions were filed. During the years 2007, 2008, and 2009 Margaret Boring worked as a bookkeeper for the Conejo Valley Unified School District and Richard Boring worked as an engineer for Tecom Industries, Inc. Mr. Boring also reported income and deductions on Schedules C for a sole proprietorship denominated Rambor Technology. Petitioners filed their joint income tax returns for 2007, 2008, and 2009 on December 7, 2009, April 4, 2011, and August 26, 2011, respectively. Respondent sent petitioners a notice of deficiency for each of the three years, and petitioners timely petitioned this Court with respect to all three notices.

Respondent disallowed all deductions claimed with respect to Rambor Technology for lack of substantiation of the related expenses, as follows:

---

[4] Petitioners did not show entitlement to medical deductions in excess of the amounts conceded by respondent.

| Expense deductions claimed and disallowed | 2007 | 2008 | 2009 |
|---|---|---|---|
| Business use of home | $12,194 | $11,846 | -0- |
| Other expenses | 39,538 | 51,049 | $126,819 |
| Utilities | 6,081 | 5,504 | -0- |
| Travel | 1,664 | -0- | -0- |
| Repairs and maintenance | 5,247 | 9,315 | -0- |
| Rent/lease--vehicles/ machinery | 5,503 | 5,442 | -0- |
| Office expenses | 9,110 | 7,926 | -0- |
| Legal and professional services | 18,937 | 22,375 | 12,446 |
| Insurance (other than health) | 1,915 | 4,223 | -0- |
| Depreciation and sec. 179 expense | 40 | -0- | -0- |
| Car and truck expense | 6,175 | 7,539 | 12,812 |

In addition, respondent disallowed an $88,787 NOL carryover deduction that petitioners claimed on their 2007 income tax return.

Respondent conceded that some of the documentation offered by petitioners in support of claimed deductions for Rambor Technology entitles them to deduct reported medical expenses, to the extent that they exceed the statutory threshold, as itemized deductions on Schedules A, Itemized Deductions, for 2007, 2008, and 2009 in the amounts of $2,371.06, $12,698.31, and $190, respectively.

Mr. Boring's full-time employment and his Rambor Technology activity concern engineering that involves semiconductors and tracking devices. He has been involved in his Rambor Technology activity since 1995, but so far he has been unsuccessful, reporting losses from the activity for each year since 1995. For

2007 Mr. Boring reported gross income of $5,362 and expenses of $94,210 for a net loss of $88,848, plus $12,194 for use of his home for a total net loss of $101,042.  In addition for 2007 petitioners claimed an $88,787 NOL carryover deduction from prior years.  For 2008 Mr. Boring reported gross income of $25,748 and expenses of $113,373 for a net loss of $87,625, plus $11,846 for use of his home for a total net loss of $99,471.  For 2009 Mr. Boring reported gross income of $85,289 and expenses of $163,048 for a net loss of $77,759, plus $11,455 for use of his home for a total net loss of $89,214.  Respondent disallowed all of the deductions claimed but did not make changes concerning the income reported.  Petitioners' Schedule C deductions consist mainly of living expenses and costs incurred to maintain and operate their personal residence and automobiles.  Included in the records petitioners provided in support of their deductions were receipts for personal items such as undergarments and other clothing.

For 1990 through 2006 (years preceding the years in issue) Mr. Boring reported losses averaging over $30,000 on his Schedules C.  Respondent, with respect to Mr. Boring's Rambor Technology activity reported on Schedules C attached to petitioners' 2007, 2008, and 2009 returns, disallowed expense deductions of $106,404, $125,219, and 152,077, respectively, for lack of

substantiation. For 2007 respondent also disallowed the $88,787 NOL carryover

deduction for lack of substantiation.

Respondent examined petitioners' 1995 and 1996 income tax returns and

issued notices of deficiency for those years. Petitioners petitioned this Court in

response, and the two resulting cases were resolved by agreement of the parties.

Discussion[5]

I. NOL Carryover

Petitioners claimed an $88,787 NOL carryover deduction from earlier years

on their 2007 income tax return. In support of that deduction, petitioners

submitted into evidence their income tax returns for the taxable years 1990

through 2006. With the exception of two years reflecting gains of $380 and $25

and two years with zero gain, petitioners reported losses averaging over $30,000

per year from their Schedule C activity. Other than copies of their prior year

returns, petitioners did not supply evidence to substantiate the prior years'

cumulative losses or any resulting carryover NOL deduction. At trial petitioners

contended that, with the exception of 1995 and 1996, respondent did not examine

---

[5]The parties did not raise the question of burden of proof. The sole question we consider is whether petitioners are entitled to deductions in excess of income from Mr. Boring's Rambor Technology activity against their ordinary income. Accordingly, petitioners bear the burden of showing their entitlement to the losses under consideration. See Rule 142.

or question their prior year returns and that, therefore, the Court should accept them as correct.

Respondent contends that petitioners must maintain records and substantiate the carryover NOL deduction, citing sections 162, 274(d), 280A, 280F(d)(4), and 6001. Respondent further contends that petitioners' prior year returns do not, in and of themselves, substantiate entitlement to the claimed NOL deduction.

Taxpayers are required to maintain adequate records that substantiate claimed losses and generally bear the burden of proving that they are entitled to deduct reported losses. Sec. 6001; Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). A taxpayer claiming an NOL deduction bears the burden of substantiating the NOL by establishing both the existence of the NOL and the amount of any NOL that may be carried over to the subject years. Rule 142(a)(1); United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235 (1955); Keith v. Commissioner, 115 T.C. 605, 621 (2000). Nevertheless, if taxpayers produce credible evidence with respect to any factual issue relevant to ascertaining their Federal income tax liabilities, and certain other requirements are met, the burden of proof shifts from the taxpayers to the Commissioner as to that factual issue. Sec. 7491(a)(1) and (2).

Other than copies of prior year returns, petitioners did not produce any documentary evidence or testimony that substantiated their prior years' losses. Although petitioners' prior year returns are in evidence, without substantiation they are not credible evidence with respect to the factual issues concerning the losses so as to shift the burden to respondent. The prior year returns cannot be accepted at face without further evidence that the losses set forth were incurred. See Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Petitioners' argument that the fact that respondent did not question the claimed losses, other than for the 1995 and 1996 years, means that the Court should accept them as correct is without support in the law, and petitioners did not cite any precedent that would support a holding otherwise. Accordingly we hold that petitioners have not shown that respondent erred in disallowing their claimed $88,787 NOL carryover deduction for the 2007 tax year.

## II. Schedule C Business Expense Deductions for 2007, 2008, and 2009

For each of the years before the Court, respondent disallowed petitioners' claimed Schedule C business expense deductions. Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section

6001 requires taxpayers to maintain records sufficient to establish the amount of each expense deducted.  See also sec. 1.6001-1(a), Income Tax Regs.  Section 162(a) allows a deduction for ordinary and necessary expenses that a taxpayer pays in connection with the operation of a trade or business.  Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  To be "ordinary" the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113.  Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs. Section 262(a) disallows deductions for personal, living, or family expenses.

In support of their Schedule C deductions, petitioners offered documents categorized according to the denominated expenses on the Schedules C.  At trial petitioners offered 58 photocopies of documents in support of the $39,538 claimed as "Other Expenses" for 2007.   A review of the 58 pages of documents revealed that there is no specific purpose shown for any of the entries on these documents. Instead, the entries on the documents are either generic without explanation and/or the explanation, on its face, represents a personal expenditure.  The 58 pages consist mainly of monthly credit card statements from Target, banks, and J.C.

Penney, along with a few assorted invoices. For example, page 22 of Exhibit 7-P reflects a $200 payment to a dentist. Page 25 of the same exhibit shows credit card transactions for Petsmart, Trader Joe's, Albertsons, and CVS Pharmacy, among others. There was no testimony or other explanation by petitioners as to why these expenditures are ordinary and necessary business expenses.

Likewise, petitioners offered 114 documents for 2008 and 98 pages of documents for 2009 in support of "Other Expenses" of $51,049 and $126,819, respectively. Page 12 of the documents offered in support of the 2008 expenses similarly reflects expenditures to Longs Drug Stores, CVS Pharmacy, T.J. Max, and Joann Fabrics, all categories that are less likely related to business. Again, without further explanation and/or supporting documentation, petitioners have not shown that the amounts reported on Schedules C as "Other Expenses" for 2007, 2008, and 2009 are deductible as ordinary and necessary business expenses. After review of all of the documents petitioners offered and without further explanation or evidence we must sustain respondent's determinations with respect to "Other Expenses".

For 2007, 2008, and 2009 petitioners claimed deductions for various expenditures that were paid in connection with the operation and maintenance of their personal residence. The documents in support of those expenditures include

statements for utilities, telephone, cable television, trash pickup, natural gas, electricity, and routine maintenance for each year. Petitioners have not shown that these expenditures are ordinary and necessary expenses incurred in the operation of a business. On their face, these expenditures, incurred to operate and maintain petitioners' personal residence, appear to be personal.

Section 280A(a) generally disallows any deduction for expenses related to a private residence. Section 280A(c)(1), however, allows a deduction allocable to the portion of a dwelling used exclusively, on a regular basis, as the taxpayer's principal place of business. At trial Mr. Boring stated that 100% of his residence was used for business and that all of the expenditures incurred to operate and maintain his residence were, therefore, for business purposes. This implausible and overstated explanation further weakens petitioners' position. Petitioners did not identify a portion of the home used exclusively for business and, accordingly, we sustain respondent's determinations.

Petitioners claimed various amounts as automobile and travel deductions. This category of deductions is subject to heightened substantiation requirements. Specifically, section 274(d)(4) provides that no deduction shall be allowed under section 162 for listed property unless the taxpayers substantiate, with adequate records, the following elements: (1) the amount of the expense; (2) the mileage

for each business use of a vehicle as well as the total mileage for all purposes during the taxable period; (3) the date on which the vehicle was used; and (4) the business purpose of the expenditure. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 280F(d)(4) defines the term "listed property" to mean, in addition to other property, any passenger automobile or any other property used as a means of transportation. Without adequate records, such as an account book, a diary, a log, a statement of expenses, trip sheets, or a similar record, taxpayers still may substantiate mileage expenses with sufficiently detailed written or oral statements and other collateral evidence showing the expenses were paid. See sec. 1.274-5T(c)(2), (3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017, 46020 (Nov. 6, 1985).

Petitioners provided documents showing expenditures for the maintenance and operation of motor vehicles. No records were offered detailing the information required in the regulations to meet the heightened burden of proof imposed by section 274(d). Accordingly, we must sustain respondent's determinations with respect to these expenditures.

With respect to petitioners' deductions for "Legal and Professional Services", the documents offered appear to be for doctors, dentists, medical care, and drugs. Here again, there has been no showing that these expenditures

constitute ordinary and necessary expenses in the operation of a business, and we must sustain respondent's determinations.

In summary, petitioners have failed to show that they are entitled to any business expense deductions and/or that respondent erred in disallowing them for the 2007, 2008, and 2009 tax years and we so hold.

III.  Additions to Tax

For each of the years before the Court, respondent determined section 6651(a)(1) late filing additions to tax.  Section 6651(a)(1) provides, in instances where a taxpayer fails to timely file return, a 5% per month (not to exceed 25%) addition to the amount required to be shown as tax unless it is shown that such failure is due to reasonable cause and not willful neglect.  Petitioners bear the burden of showing that the failure did not result from willful neglect and that the failure was due to reasonable cause.  United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioners did not contest these additions to tax in their petitions.  In addition, petitioners stipulated that their 2007, 2008, and 2009 income tax returns were filed on December 7, 2009, April 4, 2011, and August 26, 2011, respectively.  Each of those dates is more than five months beyond the April 15, 2008, 2009, and 2010 normal filing dates.  See sec. 6072(a).  Petitioners have offered no testimony

or other evidence showing that the failure did not result from willful neglect and that the failure was due to reasonable cause. Petitioners are accordingly liable for the late filing additions to tax.

IV. Penalties

Section 6662(a) imposes an accuracy-related penalty equal to 20% of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2). There is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A). The understatements for all three years come within the definition of a substantial understatement.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. See Higbee v. Commissioner, 116 T.C. 438, 448 (2001). Petitioners have failed to show that these penalties are inappropriate because of reasonable cause. Petitioners' failure to keep adequate records or comply with

rules and regulations further supports the imposition of section 6662(a) accuracy-related penalties for 2007, 2008, and 2009.  We accordingly hold that petitioners are liable for the accuracy-related penalty under section 6662(a) for each of the three years before the Court.

To reflect the foregoing and to account for respondent's concession of medical expense deductions,

Decisions will be entered under Rule 155.