FILED

NOT FOR PUBLICATION

JUL 21 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HARRY E. OBEDIN and NEALE P. OBEDIN,<br><br>               Petitioners - Appellants,<br><br>   v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>               Respondent - Appellee. | No. 14-70487<br><br>Tax Ct. No. 10707-10<br><br>MEMORANDUM* |

Appeal from a Decision of the
Tax Court

Submitted July 8, 2016**
Seattle, Washington

Before: TASHIMA and M. SMITH, Circuit Judges and KOBAYASHI,*** District
Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

Appellants Harry and Neale Obedin appeal from the decision of the tax court imposing deficiencies and underpayment penalties in connection with Appellants' 2014 and 2015 tax returns. We affirm.

**1.** We review tax court decisions as we review district court civil bench trial decisions, reviewing factual findings for clear error and conclusions of law de novo. *Xilinx, Inc. v. Comm'r*, 598 F.3d 1191, 1194 (9th Cir. 2010).

**2.** Taxpayers claiming a net operating loss deduction must establish both the existence of the loss and the amount that may be carried over to the years in question. *United States v. Olympic Radio & Tel., Inc.*, 349 U.S. 232, 235 (1955). A taxpayer must file a concise statement of the amount of the net operating loss deduction and a detailed schedule showing its computation. 26 C.F.R. § 1.172-1(c).

On their 2004 return, Appellants claimed a net operating loss of $208,195, but failed to attach the required concise statement computing the loss. The IRS determined that Appellants had deducted certain payroll taxes twice, leading to an overstatement of the loss, such that the actual net operating loss was $90,685. At trial, Appellant Harry Obedin (Obedin) provided only vague and conclusory testimony concerning the net operating loss, and did not produce documentary evidence substantiating the deduction. Obedin failed to explain how the double deductions for wages occurred in 2004 and 2005 or to provide any reason to

2

believe the same errors did not infect the previous years' returns. The tax court found the testimony lacking in detail and held it unpersuasive, as it is entitled to do. *Sparkman v. Comm'r*, 509 F.3d 1149, 1156 (9th Cir. 2007).

And, while Appellants attack the IRS's computation methodology as illogical, "[a]s a general rule, . . . we will not 'look behind a deficiency notice to question the Commissioner's motives and procedures leading to a determination.'" *Kantor v. Comm'r*, 998 F.2d 1514, 1521 (9th Cir. 1993) (quoting *Scar v. Comm'r*, 814 F.2d 1363, 1368 (9th Cir. 1989)). Further, the IRS's method was not illogical, as the agent "took reasoned steps in determining a NOL carryover where no substantiating documents had been provided."

Because Appellants failed to demonstrate their entitlement to a net operating loss deduction different from that provided in the IRS's notice of deficiency, the tax court did not err in rejecting their claimed net operating loss deduction.

**3.** A taxpayer must recognize any gain from the sale of property. 26 U.S.C. § 1001(c). Gain from the sale of property is the excess of the amount realized over the property's adjusted basis. 26 U.S.C. § 1001(a). "Proof of basis is a specific fact which the taxpayer has the burden of proving." *O'Neill v. Comm'r*, 271 F.2d 44, 50 (9th Cir. 1959).

3

The parties dispute the inclusion of two items in Appellants' basis for a real estate development project called the Fremont Cottages: a payment of $11,542.05 to CM Restoration, the primary contractor on the project, and a payment of $4,000 to Aaron's Contracting. The IRS concedes that those payments were made, but contends that insufficient evidence exists to show that they were not elsewhere included in the basis, or that they were attributable to the Fremont Cottages.

Obedin testified that Aaron's Contracting was one of several subcontractors used by CM Construction that Appellants paid directly when CM Construction experienced problems paying the subcontractors. However, his testimony failed to establish that the payment was for the Fremont Cottages.

As to the CM Restoration payments, the IRS agent testified that a payment had been made to CM Construction for another project, such that it was unclear if the disputed payment was for the Fremont Cottages or for another project. And the IRS agent believed that the payment may have already been included as part of a larger bank draw in his calculation of basis.

The tax court acknowledged that the CM Restoration payment, dated October 6, 2013, bore the account number of the Fremont Cottages project. But the tax court found that Appellant's payment spreadsheet listed an entry on that same date showing a bank draw disbursement to "CM" of $22,896.05, and that

4

Appellant had not explained why the $11,542.05 payment was not part of that larger amount. The tax court also found that Appellants did not establish whether CM Restoration was part of the CM Construction entity to which other payments had been made in connection with the project.

The tax court noted additional inconsistencies between the payment spreadsheets Appellants submitted, and concluded that "[t]here is simply not enough substantiating evidence to ascertain that these two payments should be added to the basis," and concluded that Appellants had not met their burden of proof. The tax court therefore determined that Appellants failed to establish that the disputed payments were for the Fremont Cottages.

Appellants bore the burden of establishing their claimed basis in the Fremont Cottages, and failed to show that the two disputed payments should have been included. As such, the tax court did not clearly err in rejecting Appellants' claim.

AFFIRMED.