T.C. Memo. 2018-8

UNITED STATES TAX COURT

JOY FORD, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8575-16, 18605-16.          Filed January 25, 2018.

<u>Brett R. Carter</u>, for petitioner.

<u>Rebecca Dance Harris</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions the issues for decision are whether

petitioner engaged in her music club for profit, whether petitioner is entitled to net

**[*2]** operating loss (NOL) deductions, and whether petitioner is liable for section

6662(a) accuracy-related penalties relating to negligence.[1]

## FINDINGS OF FACT

Petitioner, a former recording artist, has devoted most of her life to

performing and promoting country music. During 2012, 2013, and 2014 (years in

issue) she owned the Bell Cove Club (Bell Cove), a small lakeside music venue in

Hendersonville, Tennessee. In the late 1980s petitioner and her late husband,

Sherman, an accomplished music producer and record company owner, purchased

Bell Cove for $500,000.[2] They wanted Bell Cove to become a venue where

songwriters could have their songs performed for talent scouts, agents, and record

producers. Many well-known artists have performed at Bell Cove, and it is known

for furthering the careers of emerging songwriters.

During the years in issue Bell Cove featured live country music on Friday

and Saturday nights. Petitioner selected the performing artists, devoted most of

her time to Bell Cove, and paid all of its expenses. Petitioner charged a $5

admission fee and a nominal amount for snacks and beverages and received annual

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code relating to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In 2015 Bell Cove was appraised at $838,900.

[*3] gross receipts of $17,006, $14,156, and $13,581 relating to 2012, 2013, and 2014, respectively.[3] Bell Cove's expenses, which petitioner paid in cash or from her personal checking account, consistently exceeded its revenue. Petitioner's standard $500 payment to performers invariably exceeded the amount she received from admission fees and snack and beverage sales. In addition, petitioner's 2012, 2013, and 2014 expenses relating to taxes, liability insurance, utilities, repairs, license fees, and other miscellaneous expenses totaled $37,332, $75,779, and $92,769, respectively. Petitioner maintained incomplete handwritten ledgers and sporadically retained receipts relating to Bell Cove's expenses. Her records, however, bore no relationship to the income and expenses reported on her returns.

Petitioner considered opportunities to make Bell Cove profitable. She met with a television producer to discuss a Bell Cove television show and with business experts who advised her to stem the club's chronic losses by converting it into a seafood restaurant. The television show meetings did not advance beyond the discussion stage, and she rejected the business advice.

Petitioner, the beneficiary of three trusts established by Sherman and owner of a brokerage account, received trust distributions of $184,848, $182,922, and $189,993 and capital gain income of $66,002, $43,730, and $6,725 relating to

---

[3]Petitioner charged more on New Year's Eve and other special occasions.

[*4] 2012, 2013, and 2014, respectively. Petitioner reported losses relating to Bell Cove on her timely filed 2012, 2013, and 2014 income tax returns in the amounts of $39,285, $74,120, and $96,893, respectively.[4] She also reported on her 2012 and 2013 returns NOL deductions of $83,389 and $38,545, respectively.

In a January 14, 2016, notice of deficiency relating to 2012 and 2013 respondent determined that petitioner did not operate Bell Cove for profit, had failed to substantiate the NOL deductions claimed on her returns, and was liable for section 6662(a) accuracy-related penalties relating to negligence. In a May 26, 2016, notice of deficiency relating to 2014 respondent disallowed $96,893 of expense deductions for lack of substantiation and determined a section 6662(a) accuracy-related penalty relating to negligence. On April 12 and August 23, 2016, petitioner, while residing in Hendersonville, Tennessee, timely filed petitions relating to the notices of deficiency. On October 7, 2016, respondent filed his answer to petitioner's second petition and asserted, alternatively, that petitioner's 2014 expense deductions should be disallowed because she did not intend to profit from Bell Cove.

---

[4]Petitioner, on her 2008 through 2014 income tax returns, reported losses totaling $420,253 (i.e., losses of $34,889, $67,249, $66,016, $41,801, $39,285, $74,120, and $96,893 relating to 2008, 2009, 2010, 2011, 2012, 2013, and 2014, respectively).

[*5]                                    OPINION

Section 183(b) limits the deductions relating to an activity not engaged in for profit.[5]  In short, petitioner did not have the requisite intent to make a profit and thus may not deduct the losses in dispute.[6]  She had no expertise in club ownership, maintained inadequate records, disregarded expert business advice, nonchalantly accepted Bell Cove's perpetual losses, and made no attempt to reduce expenses, increase revenue, or improve Bell Cove's overall performance.[7] See Golanty v. Commissioner, 72 T.C. 411, 430 (1979), aff'd without published opinion, 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b)(1), (2), (6), Income Tax Regs.  Owning Bell Cove elevated petitioner's status in the country music community, allowed her to further the careers of young performers, offered her weekly opportunities to interact with country music fans, and satiated her love for

---

[5]Sec. 1.183-2(b), Income Tax Regs., sets forth nine nonexclusive factors that guide courts examining a taxpayer's profit motive.

[6]Petitioner has the burden of proof relating to an issue unless she introduces credible evidence with respect to that issue, and respondent has the burden of proof relating to issues raised in the answer.  See sec. 7491(a); Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

[7]Further, Bell Cove's $420,253 of accumulated losses exceeded its $383,900 of appreciation.  See sec. 1.183-2(b)(4), Income Tax Regs.

[*6] promoting country music. Petitioner earnestly devoted time and energy to Bell Cove but was primarily motivated by personal pleasure, not profit, and simply used the club's losses to offset her trust and capital gain income. See Bessenyey v. Commissioner, 45 T.C. 261, 275 (1965), aff'd, 379 F.2d 252 (2d Cir. 1967); sec. 1.183-2(b)(3), (8), (9), Income Tax Regs.

We also sustain respondent's disallowance of NOL deductions claimed on petitioner's 2012 and 2013 tax returns. Petitioner did not substantiate the deductions, identify the years in which they originated, or address them at trial or in her posttrial brief. See sec. 172(c); Rule 151; United States v. Olympic Radio & Television, 349 U.S. 232, 235 (1955). We do not, however, sustain the section 6662(a) accuracy-related penalties relating to negligence for the years in issue. Respondent failed to present any evidence that the penalties were "personally approved (in writing) by the immediate supervisor of the individual making such determination." See sec. 6751(b)(1); Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. ___, ___ (slip op. at 14) (Dec. 20, 2017). Accordingly, he did not meet his burden of production, and petitioner is not liable for the determined penalties. See sec. 7491(c); Graev v. Commissioner, 149 T.C. at ___ (slip op. at 14-15).

**[*7]**   Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Appropriate decisions will be entered</u>.