LEONARD BRONSTEIN and MARILYN BRONSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bronstein v. Commissioner
Docket No. 12118-79.
United States Tax Court
T.C. Memo 1981-295; 1981 Tax Ct. Memo LEXIS 447; 42 T.C.M. (CCH) 92; T.C.M. (RIA) 81295; June 17, 1981. *447 Pursuant to a divorce decree, H made a lump sum payment of $ 14,000 to W which, by the terms of the decree, was utilized to pay the attorney's fees of W and certain marital obligations assumed by W. Held: H is not entitled to an alimony deduction for the payment under secs. 215, 71(a)(1) and (c), IRC 1954. Howard Joseph, for the petitioners. Judy Jacobs, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1976 in the amount of $ 7,252.05. Due to concessions by petitioners, the issue for decision is whether petitioners may deduct, pursuant to section 215, a payment in the amount of $ 14,000 made to Lenore Bronstein, the former wife of petitioner Leonard Bronstein. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Leonard and Marilyn Bronstein, husband and wife, resided in Winnetka, Illinois at the time they filed their petition herein. They timely filed their joint Federal income tax return for 1976 with the Internal Revenue *448 Service Center in Kansas City, Missouri. Petitioner Leonard Bronstein (hereinafter petitioner) was married to Lenore Bronstein in 1951. On March 31, 1976, as a result of a divorce action brought by Lenore Bronstein, they were divorced pursuant to a "Judgment for Divorce" (hereinafter judgment) entered by the Circuit Court of Cook County. The judgment, which incorporates a prior agreement of the parties concerning their marital rights, provides inter alia for the custody of the minor child of the parties, payment of medical and dental expenses, educational expenses of the child, division of personal property, and disposition of the family home. The judgment also provides for alimony payments, subject to certain contingencies, of $ 1,500 per month to Lenore Bronstein which payments are to be includible in her income and deductible by petitioner. On his 1976 Federal income tax return petitioner deducted alimony payments made pursuant to the judgment and respondent does not challenge the correctness of that deduction. While the judgment provides that it settles all rights between the parties including those of dower and curtesy, certain questions including payment of outstanding *449 marital debts and attorney's fees are reserved for further determination by supplemental judgment. On May 24, 1976, a "Supplemental Judgment for Divorce" (hereinafter supplemental judgment) was entered by the Circuit Court of Cook County. In addition to settling matters including visitation rights, life insurance and distribution of personalty, the supplemental judgment provides that Lenore Bronstein shall be solely responsible for all outstanding marital debts and obligations including, but not limited to, those debts listed on an attached schedule and that the parties are responsible for payment of their own attorney's fees. The supplemental judgment further provides: Upon the entry of the within Supplemental Judgment for Divorce the Defendant, LEONARD BRONSTEIN, shall pay to the Plaintiff, LENORE BRONSTEIN, as and for additional alimony the sum of $ 14,000.00. The supplemental judgment also provides that Lenore Bronstein will endorse the check for $ 14,000 to the law firm representing her and that $ 10,000 of the proceeds from that check will be applied to satisfy partially her obligation for attorney's fees and that the remaining $ 4,000 will be held in trust by her attorney *450 and applied to the payment of marital obligations. The parties expressly waive any and all further claim to property owned by the other and expressly waive all further claim to alimony. Petitioner agreed to pay the $ 14,000 in the belief that the payment would be deductible by him and taxable to his former wife. [1] *451 On petitioner's joint Federal income tax return for 1976, a deduction for alimony paid during that year was claimed, which included, in part, $ 14,000 paid pursuant to the terms of the supplemental judgment. At issue is the correctness of respondent's determination that the $ 14,000 payment did not constitute alimony deductible pursuant to section 215. OPINION Section 215 [2] provides that a husband is allowed a deduction for alimony if amounts paid are includible in the gross income of his former wife. Pursuant to section 71(a) [3] *453 such payments are includible in the gross income of his former wife if they are "periodic payments" received under a divorce decree to discharge the husband's legal obligations arising from the marital relationship. Generally, pursuant to section 71(c), [4] *454 payments discharging a principal sum specified in the divorce decree do not qualify as periodic payments unless payable over a period in excess of 10 years. However, if payments of a principal sum are payable over a period of 10 year or less, are subject to a contingency such as death, remarriage or change in economic status and are in the nature of alimony or an allowance for support, *452 they may qualify as periodic payments. Section 1.71-1(d)(3), Income Tax Regs. Petitioner contends that the $ 14,000 payment qualifies as a periodic payment under the foregoing tests. Respondent acknowledges that, pursuant to Illinois law, alimony payments terminate on the death or remarriage of the recipient spouse, and concedes that one prong *455 of the test provided in the regulation is satisfied. Respondent argues, however, that the $ 14,000 payment here was not "in the nature of alimony", and was thus not a periodic payment within the meaning of section 71. Determination of the tax effects of provisions contained in a divorce decree turns on the particular facts and circumstances of each case. Martin v. Commissioner, 73 T.C. 255 (1979); Bishop v. Commissioner, 55 T.C. 720 (1971); Schwab v. Commissioner, 52 T.C. 815 (1969). In the instant case, respondent has determined that the $ 14,000 payment is not deductible under section 215, and petitioner bears that burden of proving that determination erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure. The fact that the payment is called alimony in the supplemental judgment does not alleviate petitioner's burden; such labels are not controlling. Martin v. Commissioner, supra at 262. The supplemental judgment provides that petitioner's ex-wife is responsible for her own attorney's fees and all of the marital debts and obligations. It also requires that $ 10,000 of the $ 14,000 payment be applied toward the attorney's fees of the ex-wife and the remainder utilized *456 to discharge certain marital obligations. We find that the $ 10,000 earmarked for attorney's fees clearly was intended to cover an expense incurred in the termination of the marital relationship, not to fulfill petitioner's continuing obligation to provide for the support for his ex-wife, and as such is not deductible under section 215. Martin v. Commissioner, supra at 262. We are likewise unconvinced by petitioner's argument concerning the remaining $ 4,000. That amount was to be held in trust by the ex-wife's attorney and utilized to discharge certain marital obligations enumerated in the schedule attached to the supplemental judgment, obligations which the ex-wife had expressly assumed. We find no distinction between the arrangement in the instant case and one where a taxpayer who makes payments to his ex-wife which are to be applied to marital debts assumed by the ex-wife in exchange for the right to marital property seeks to deduct the payments under section 215. Clearly, such payments, which are more akin to a settlement of property rights than in the nature of support, are not deductible under section 215. Crouser v. Commissioner, 73 T.C. 1113 (1980). A reading of the *457 judgment and the supplemental judgment as a whole compels the conclusion that the $ 14,000 payment was not in the nature of alimony as petitioner contends, but rather was in settlement of property rights between the parties. See Martin v. Commissioner, supra; Rose v. Commissioner, 459 F.2d 28 (6th Cir. 1972), affg. per curiam a Memorandum Opinion of this Court, [5] cert. denied 409 U.S. 879 (1972); Jackson v. Commissioner, 54 T.C. 125 (1970). Consequently, we find that petitioner has failed to carry his burden of proving he is entitled to a deduction under section 215 in excess of that allowed by respondent. Decision will be entered for Respondent. Footnotes
1. At the trial of this case, petitioner introduced into evidence a copy of a document entitled "Amendment to Petition to Clarify, Reform, Rectify and Conform" with attached affidavits. That document, which was not filed with the Circuit Court of Cook County, purports to set forth the intention of the parties to the divorce and of the court that the $ 14,000 payment be deductible by petitioner and includible in the income of Lenore Bronstein. The document further recites that Lenore Bronstein had not included the amount in income and that petitioner's deduction of the amount was not allowed by the Internal Revenue Service. Inasmuch as the document was prepared on petitioner's behalf long after entry of the supplemental judgment and after commencement of an audit of petitioner's tax liability for 1976, we find it of no probative value in determining intent at the time the decree was entered.
2. Section 215(a) provides: (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
3. Section 71(a) provides: (a) General Rule.-- (1) Decree of Divorce or Separate Maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written Separation Agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. ↩
4. Section 71(c) provides: (c) Principal Sum Paid in Installments.-- (1) General Rule.--For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. (2) Where Period for Payment is More Than 10 Years.--If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.↩
5. T.C. Memo 1971-147↩.