112 T.C. No. 2


UNITED STATES TAX COURT


JOHN J. REICHEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23143-97.              Filed January 7, 1999.


        P, a real estate developer, purchased properties
intending to develop them.  He undertook no development
activities on the properties due to adverse economic
conditions.  R disallowed P's deductions of the properties'
real estate taxes, determining the taxes must be capitalized
under sec. 263A, I.R.C., as indirect expenses of producing
property.
        <u>Held</u>:  P must capitalize the tax payments under
sec. 263A, I.R.C.


<u>Timothy W. Tuttle</u>, for petitioner.

<u>Michael H. Salama</u> and <u>Sherri S. Wilder</u>, for respondent.

OPINION

LARO, <u>Judge</u>:  This case was submitted to the Court without trial pursuant to Rule 122(a).  John J. Reichel petitioned the Court to redetermine a 1993 income tax deficiency of $32,887 and a $6,577 accuracy-related penalty under section 6662(a).  Respondent reflected this determination in a notice of deficiency issued to petitioner on September 5, 1997.

Following concessions by the parties, we must decide whether section 263A requires petitioner to capitalize real estate taxes he paid in 1993 on land he purchased for development.  We hold it does.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

## Background

All facts have been stipulated and are so found.  The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.  Petitioner lived in Irvine, California, when he petitioned the Court.

Petitioner has been a real estate developer since 1989.  In 1993, he operated his development business as a sole proprietorship under the name Sunwest Enterprises (Sunwest).  He reported Sunwest's income and expenses on Schedule C, Profit or Loss From Business (Sole Proprietorship).

Petitioner's business generally consists of buying and developing raw land. After purchasing a parcel of land, petitioner applies for and obtains zoning variances, grading plans, street plans, water plans, sewer plans, storm drain plans, site plans, architectural plans, environmental feasibility studies, and development and construction cost estimates. He then subdivides the land by having the city or county where the land is located approve tentative tract maps, parcel maps, "ready for recording" (but unrecorded) tract maps, and recorded tract maps. Once he has subdivided a parcel of land, he sells it to homebuilders who build homes on it.

In 1991, petitioner bought an undeveloped 8-acre parcel in San Bernardino County, California, for $357,423. One year later, he bought a 10-acre San Bernardino parcel for $1,002,000. (We shall refer to these properties hereafter as the San Bernardino parcels.) Petitioner bought the San Bernardino parcels intending to develop them. He has never undertaken any of the development activities described above in connection with the San Bernardino parcels because he believes economic conditions in San Bernardino County are adverse. He continues to hold the parcels for development.

Petitioner paid $72,181 in real estate taxes on the San Bernardino parcels in 1993. He included these amounts in the real estate taxes he deducted on his 1993 Schedule C.

## Discussion

Respondent disallowed petitioner's deduction for real estate taxes on the San Bernardino parcels. Respondent argues that petitioner is a "producer" with respect to the San Bernardino parcels under section 263A(g)(1), and, accordingly, that section 263A(a)(2)(B) requires petitioner to capitalize all real estate taxes on this property.

Petitioner argues that for 1993, section 263A(a)(2)(B) did not require a taxpayer to capitalize real estate taxes until the taxpayer took positive steps to begin producing the property.[1] He states that because he took no steps to develop the San Bernardino properties before or during 1993, he had not begun production of the properties and was not required to capitalize the taxes he paid on them.

_____

[1] There is no dispute that current regulations, if applied according to their terms, would require that petitioner capitalize the real estate taxes at issue. For post-1993 tax years, sec. 1.263A-2(a)(3)(ii), Income Tax Regs. provides:

> If property is held for future production, taxpayers must capitalize direct and indirect costs allocable to such property (e.g., purchasing, storage, handling, and other costs), even though production has not begun. If property is not held for production, indirect costs incurred prior to the beginning of the production period must be allocated to the property and capitalized if, at the time the costs are incurred, it is reasonably likely that production will occur at some future date. Thus, for example, a manufacturer must capitalize the costs of storing and handling raw materials before the raw materials are committed to production. In addition, <u>a real estate developer must capitalize property taxes incurred with respect to property if, at the time the taxes are incurred, it is reasonably likely that the property will be subsequently developed</u>. [Emphasis added.]

We agree with respondent.  We start our analysis with the relevant text, which reads as follows:

SEC. 263A.  CAPITALIZATION AND INCLUSION IN INVENTORY COSTS OF CERTAIN EXPENSES.

   (a) Nondeductibility of Certain Direct and Indirect Costs.--

      (1) In general.--In the case of any property to which this section applies, any costs described in paragraph (2)--

         (A) in the case of property which is inventory in the hands of the taxpayer, shall be included in inventory costs, and

         (B) in the case of any other property, shall be capitalized.

      (2) Allocable costs.--The costs described in this paragraph with respect to any property are--

         (A) the direct costs of such property, and

         (B) such property's proper share of those indirect costs (including taxes) part or all of which are allocable to such property.

   *     *     *     *     *     *     *

   (b) Property to Which Section Applies.--Except as otherwise provided in this section, this section shall apply to--

      (1) Property produced by taxpayer.--Real or tangible personal property produced by the taxpayer.

   *     *     *     *     *     *     *

   (g) Production.--For purposes of this section--

(1) In general.--The term "produce"
includes construct, build, install,
manufacture, develop, or improve.

Section 263A(a)(1)(B) requires that taxpayers capitalize certain costs. Section 263A(b)(1) provides that the capitalization requirement applies to property "produced" by the taxpayer. Section 263A(g)(1) specifies that the term "produce" means, among other things, "develop". Thus, by its terms, the statute requires taxpayers to capitalize indirect costs, such as real estate taxes, that they incur in connection with property they develop.

Petitioner argues that the outcome in this instance is controlled by our holding in Von-Lusk v. Commissioner, 104 T.C. 207 (1995). The question in Von-Lusk was whether a partnership had to capitalize costs incurred before it undertook any activities that would physically alter certain land it was developing. The taxpayer had begun activities, such as performing engineering and feasibility studies, similar to those normally conducted by petitioner. The taxpayer's parcels of land, coincidentally, were located in San Bernardino County. We held that activities such as these were development activities even though they had no immediate physical impact on the property and that a taxpayer who undertakes them has begun producing the property. Id.

Petitioner argues that Von-Lusk established the principle that some such activity must have taken place for production of the property to have begun. Since he has never undertaken any

such activities with respect to the San Bernardino parcels, petitioner states, he has never begun producing them within the meaning of section 263A, and therefore he need not capitalize the real estate taxes.

We disagree with petitioner's reading of Von-Lusk v. Commissioner, supra. We did not decide in Von-Lusk whether capitalization is required for expenses incurred before production begins. We decided principally that the taxpayer had already begun development of the land in question and had to capitalize related development costs even though the land had not yet been physically changed. In deciding Von-Lusk, we reviewed the text and legislative history of section 263A and observed that the Congress intended the term "produce" to be broadly construed. We noted that "Congress expected those rules to be applied from the acquisition of property, through the time of production, until the time of disposition." Von-Lusk v. Commissioner, supra at 215 (emphasis added).[2]

A close analysis of the language and structure of section 263A supports the conclusion that Congress intended that the capitalization rules cover costs incurred before as well as

[2] Petitioner also relies on Hustead v. Commissioner, T.C. Memo. 1994-374, affd. without published opinion 61 F.3d 895 (3d Cir. 1995). In Hustead, we indicated that taxpayers who increased the value of their land by challenging a local zoning ordinance had not begun producing the land within the meaning of sec. 263A(g). We held, however, that the legal costs the taxpayers incurred in challenging the ordinance had to be capitalized under sec. 263. Since sec. 263 controlled the result in Hustead, we were not required to decide whether sec. 263A would apply to the taxpayer.

during the production period.  This is evident when we examine

section 263A(f), which provides a narrow exception under which a

particular category of indirect production costs, namely

interest, does not have to be capitalized until the production

period begins.  There would be no need for this exception if

capitalization were never meant to apply until taxpayers actually

started the production process.  As we noted in Von-Lusk v.

Commissioner, supra at 213 (quoting Weinberger v. Hynson,

Westcott & Dunning, Inc., 412 U.S. 609, 633 (1973)):

> if no costs were to be capitalized until the beginning
> of the "production period," then section 263A(f)(1)(A)
> would be superfluous.  Such a construction "offends the
> well-settled rule of statutory construction that all
> parts of a statute, if at all possible, are to be given
> effect."

The legislative history of section 263A also supports this

reading.  In describing the reasons for enacting section 263A,

the relevant section of the House report is headed,

"Preproduction costs" and states the concern that then-existing

rules "may allow costs that are, in fact, costs of producing

property to be deducted currently".  H. Rept. 99-426, at 625

(1985), 1986-3 C.B. (Vol. 2) 1, 625.  While headings are not

compelling evidence of meaning in themselves, the corresponding

section of the Senate report clarifies and reenforces this

analysis.  That section is headed "Production, acquisition, and

carrying costs" (emphasis added) and expresses the intent that "a

single, comprehensive set of rules should govern the

capitalization of costs of producing, acquiring, and holding

property"(emphasis added).  S. Rept. 99-313, at 140 (1986), 1986-3 C.B. (Vol. 3) 1, 140.

In sum, petitioner has conceded that although development of the San Bernardino parcels was deferred by adverse economic conditions, he acquired and held those parcels intending to develop (i.e., produce) them.  Because the real estate taxes at issue are expenses petitioner incurred that are allocable to those properties, he must capitalize those expenses under section 263A.

In reaching our conclusion herein, we have considered all arguments made by petitioner for a contrary result, and, to the extent not mentioned above, find them to be irrelevant or without merit.  To reflect respondent's concessions,

Decision will be entered

under Rule 155.