T.C. Memo. 2009-10

UNITED STATES TAX COURT

DELMINDA M. CARTIER, a.k.a. DELMINDA M. COSTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22520-06.          Filed January 14, 2009.

Delminda M. Cartier, pro se.

<u>Erika B. Cormier</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 2003 Federal income tax of $55,224 and additions to
tax under sections 6651(a)(1) and (2) and 6654(a)[1] of $12,089.92,

---

[1]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

$6,985.29, and $1,382.18, respectively.[2]  The issues for decision are:  (1) Whether petitioner is entitled to construction costs of $164,874 claimed on Schedule C, Profit or Loss From Business, of her return; (2) whether petitioner is entitled to business expense deductions of $19,996; and (3) whether income received by petitioner from her business is subject to self-employment tax.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in New Hampshire.

During 2003 petitioner, working as a customer service representative for Lifeplus, Inc. (Lifeplus), a medical equipment company, earned wages of $25,659 and nonemployee compensation of $1,330.  Additionally, petitioner received interest income from Butler Bank of $76.

During 2003 petitioner was also self-employed as a home builder and renovator, doing business as "D.C. Construction". On July 17, 2002, as part of her ongoing business, petitioner purchased Lot # 106-1 on Moreau Street for development, which later became 58 Moreau Street, Goffstown, NH 03045 (58 Moreau Street).  The purchase price for 58 Moreau Street was $25,500.

---

[2]Petitioner concedes that she is liable for the addition to tax pursuant to sec. 6651(a)(1), and respondent concedes the additions to tax under secs. 6651(a)(2) and 6654(a).

Shortly after the purchase petitioner initiated construction on the lot. On July 17, 2003, petitioner sold 58 Moreau Street including a home newly constructed thereon for $183,500. Consequently, D.C. Construction realized gross receipts of $183,500.

Petitioner's husband, Daniel Cartier (Mr. Cartier), was also self-employed as a home builder and renovator. Mr. Cartier was extensively involved with petitioner's ongoing construction business. He assisted petitioner with the development and sale of 58 Moreau Street.[3]

On August 4, 2006, petitioner filed her 2003 Federal income tax return late.[4] Petitioner's filing status was married filing separately. On Schedule C of her return, petitioner stated that she used the cash method of accounting for D.C. Construction.

Petitioner's return reported the wages and nonemployee compensation she received from Lifeplus, as well as the interest income from Butler Bank. Petitioner reported the $183,500 she received from the sale of 58 Moreau Street as gross receipts to D.C. Construction on Schedule C of her return. Petitioner reported costs of $164,874 on Schedule C as well, resulting in

---

[3]Petitioner and Mr. Cartier built two other houses on Moreau Street, including the home in which they now live.

[4]Petitioner's return was prepared by a third party. The return preparer did not review receipts or other substantiation before preparing the return. Instead, the return preparer used only figures that petitioner had provided on a worksheet.

gross income to D.C. Construction of $18,626. Petitioner also claimed $19,966 in business expense deductions on Schedule C of her return, resulting in a purported loss of $1,340.

On or about August 3, 2006, Mr. Cartier also filed his 2003 Federal income tax return late. Notably, his claimed costs and business expense deductions mirrored those of petitioner.[5]

Respondent sent a notice of deficiency to petitioner for her 2003 taxable year, but respondent's determination in the notice of deficiency was based on information gathered before receiving petitioner's return because respondent received petitioner's return only 3 days before the notice of deficiency was mailed.[6] On the basis of the information provided on petitioner's return, respondent determined that the income from the sale of 58 Moreau Street would be treated as ordinary income to D.C. Contruction. Respondent further determined that such income, minus any substantiated business expenses, would be subject to self-employment tax.

---

[5]At trial, Mr. Cartier testified that he did not have a bank account for his business and that he received business income only in the form of cash during the 2003 taxable year.

[6]The notice was sent Aug. 7, 2006. Respondent had prepared a substitute for return for petitioner pursuant to sec. 6020(b) because petitioner had not yet filed her 2003 return. Respondent had determined petitioner's tax liability under the assumption that petitioner's filing status was single and that the proceeds from the sale of 58 Moreau Street would be characterized as short-term capital gain.

Petitioner is entitled to construction costs of $95,571.66 and a business expense deduction of $1,200 for insurance costs.[7]

Petitioner's self-employment income for her 2003 taxable year was $86,728.34.

OPINION

I. Whether Petitioner Is Entitled to Costs Claimed on Schedule C of Her Return of $164,874

Costs directly related to the business of constructing a home must be capitalized and are not currently deductible expenses. Sec. 263A(a)(1)(B); W.C. & A.N. Miller Dev. Co. v. Commissioner, 81 T.C. 619, 632 (1983); Rev. Rul. 86-149, 1986-2 C.B. 67. Costs so capitalized may then be recovered by the builder upon the sale of the home. Sec. 1.263A-1(c)(3) and (4), Income Tax Regs.

Taxpayers must show their entitlement to amounts claimed as costs, see Rule 142(a), and must keep sufficient records to substantiate those costs, see sec. 6001; Briggs v. Commissioner, T.C. Memo. 2000-380; Newman v. Commissioner, T.C. Memo. 2000-345.[8]

---

[7]The parties stipulated construction costs of $51,312.29, and on the basis of evidence presented at trial, respondent conceded on brief additional costs of $44,259.37.

[8]Petitioner does not claim the benefit of sec. 7491(a). Sec. 7491(a) does not shift the burden of proof to respondent because petitioner failed to maintain records or comply with substantiation requirements. See sec. 7491(a)(2)(A) and (B); Higbee v. Commissioner, 116 T.C. 438, 441 (2001).

Respondent has conceded, as noted above, certain costs for which there was adequate proof of payment and adequate proof that the expenditure was connected with 58 Moreau Street.

At trial petitioner offered substantiation of her construction costs as follows: (1) $539.99 paid by Anthony Blanco (Mr. Blanco) for a range oven shown on a receipt dated November 21, 2002; (2) $99.98 paid by Mr. Blanco for a chandelier shown on a receipt dated November 1, 2002; (3) $404.99 paid by Mr. Blanco for a dishwasher shown on a receipt dated November 21, 2002; (4) an undeterminable amount paid by Mr. Blanco for light fixtures, bulbs, fan accessories, and doorbells shown on receipts dated October 5, October 6, and November 8, 2002; (5) $2,418.60 to Robert Salyards, carpet installer, shown on a proposal dated November 13, 2002; (6) $1,058.66 to Mast Road Grain and Building Materials Co. (Mast Road Grain) shown on an invoice dated September 6, 2002; and (7) $290 to Mast Road Grain shown on an invoice and a check dated September 3, 2002, which was returned for insufficient funds.

After carefully reviewing the evidence, we hold that petitioner has failed to prove that the foregoing amounts were in fact paid or that they were paid in connection with 58 Moreau Street.

Additionally, petitioner offered substantiation of the following amounts she contends were paid in connection with 58

Moreau Street: (1) $4,350 to Daniel Sinotte Co., as shown on a check dated June 20, 2002 (a date before July 17, 2002, the date petitioner purchased 58 Moreau Street), which was returned for insufficient funds; (2) $3,097.80 paid to Home Depot, as shown on receipts of $397.44, $1,520.44, and $1,179.92 dated December 23, December 24, and December 27, 2002, respectively; (3) $1,850 paid to Joseph M. Weichert, LLC, land surveyor, as shown on a check dated January 14, 2002 (a date before the date petitioner purchased 58 Moreau Street); (4) $757.09 paid to Mast Road Grain, as shown on a check dated April 23, 2002 (a date before the date petitioner purchased 58 Moreau Street); (5) $1,956 paid to Mast Road Grain as shown on a check dated September 11, 2002; (6) $47.45 paid to Mast Road Grain, as shown on an invoice from and check to Mast Road Grain dated October 11, 2002; and (7) $2,000 paid to Spruce Point Construction, as shown on a check dated October 12, 2002.

After carefully reviewing the evidence, we hold that petitioner has failed to establish that the foregoing amounts were in fact paid in connection with 58 Moreau Street. At trial, petitioner's self-serving testimony lacked credibility, and the documents she offered did not corroborate her contention that the expenses were incurred in connection with 58 Moreau Street.

Petitioner has failed to establish that she is entitled to any amounts for costs incurred in connection with 58 Moreau

Street in excess of the amounts respondent conceded. Consequently, we hold that petitioner is not entitled to costs for taxable year 2003 beyond the amounts respondent conceded.

II. Whether Petitioner Is Entitled to Business Expense Deductions of $19,966

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Kay v. Commissioner, T.C. Memo. 2002-197, affd. 85 Fed. Appx. 362 (5th Cir. 2003). Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An expense is ordinary for purposes of this section if the expense is normal or customary within a particular trade, business, or industry. Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Section 262, in contrast, precludes deduction of "personal, living, or family expenses."

Section 162(a) is tempered by the requirement that any amount claimed as a business expense must be substantiated, and taxpayers are required to maintain records sufficient to substantiate the expenses claimed. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 821 (5th

Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.  When a taxpayer adequately establishes that she paid or incurred a deductible expense but does not establish the precise amount, the Court may in some instances estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  There must, however, be sufficient evidence in the record to provide a basis upon which an estimate may be made and to permit the Court to conclude that a deductible expense, rather than a nondeductible personal expense, was incurred in at least the amount allowed.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Furthermore, business expenses described in section 274 are subject to rules of substantiation that supersede the doctrine of Cohan.[9]  Kay v. Commissioner, supra.

Petitioner provided no credible evidence of any business expense paid or incurred during the taxable year in issue in excess of the amounts conceded by respondent.[10]  Petitioner provided no estimate of business expenses or other information

---

[9]Sec. 274(d) provides that no deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (as defined in sec. 280F(d)(4)).

[10]Petitioner attempted to supplement the record by attaching documents to her brief.  The record is closed.  Petitioner may not supplement the record without an order from the Court reopening the record.  The attachments therefore are not part of the record and will not be considered.

that would assist the Court in determining her business expenses for her 2003 taxable year. We therefore hold that petitioner is not entitled to any deduction for business expenses for the taxable year in issue beyond the amounts respondent conceded.

III. <u>Whether Income Received by Petitioner From Her Business Is Subject to Self-employment Tax</u>

Self-employment income is subject to self-employment tax. Sec. 1401(a). A taxpayer's self-employment income is equal to the gross income derived from business less any business expenses which the taxpayer substantiates. Sec. 1402(a) and (b); sec. 1.1402(a)-1(a)(1), Income Tax Regs.

Petitioner admitted on her return that her business, D.C. Construction, had gross receipts of $183,500 for taxable year 2003. That amount, less substantiated costs, is the gross income derived from her business. The gross income derived from her business less any business expenses that she is able to substantiate is subject to self-employment tax. Petitioner has failed to substantiate any costs or business expenses beyond the amounts respondent conceded. Consequently, we hold that petitioner is liable for self-employment tax on $86,728.34 of self-employment income ($183,500 in gross receipts less $95,571.66 in costs and $1,200 in insurance expense).

We have considered all of the contentions raised by the parties, and, to the extent they are not addressed in this

opinion, we conclude that they are irrelevant, immaterial, or unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.