T.C. Memo. 2014-114

UNITED STATES TAX COURT

JAY B. BRILEY AND CONSTANCE H. BRILEY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31182-09.            Filed June 10, 2014.

Jay B. Briley and Constance H. Briley, pro sese.

<u>John M. Tkacik, Jr.,</u> and <u>Warren P. Simonsen</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>: Respondent determined the following deficiencies and penalties with respect to petitioners' Federal income tax for tax years 2004 and 2005:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2004 | $622,512 | $124,502 |
| 2005 | 287,581 | 57,516 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

After concessions, the issues for consideration are whether petitioners (1) are entitled to a net operating loss (NOL) for tax year 2003; (2) are entitled to NOL carryovers for tax years 2004 and 2005; (3) are entitled to deduct certain expenses reported by their wholly owned S corporation for tax years 2004 and 2005; (4) owned a business independent of their S corporation which would entitle them to file a Schedule C, Profit or Loss From Business, with their 2005 tax return and deduct self-employment tax; and (5) are liable for the accuracy-related penalty under section 6662(a) for tax years 2004 and 2005.

[*3]                                 Background

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioners resided in Virginia when they filed the petition.

Briley Builders

In 2002 petitioner husband incorporated Briley Builders, Inc. (Briley Builders), in Washington, D.C., which constructs and refurbishes houses in the Washington, D.C., area. Petitioners each owned 50% of Briley Builders and served as its executive officers during 2003, 2004, and 2005. On May 12, 2003, petitioners caused Briley Builders to elect to be treated as an S corporation.

On July 19, 2002, Briley Builders purchased a residential property in Washington, D.C. (Washington, D.C., property). Briley Builders paid $120,000 for the Washington, D.C., property, plus $1,340 in closing costs. Briley Builders intended to convert the existing structure of the Washington, D.C., property into six condominiums and to build a second structure containing an additional six condominiums.

In 2003 Briley Builders started work on the Washington, D.C., property. In 2004 Briley Builders completed its conversion of the existing structure and sold

**[*4]** the first six condominiums for a total of $1,661,000. During 2004 Briley Builders also refurbished eight other properties in Washington, D.C., and northern Virginia.

Bank Accounts and Loans

In 2003 Briley Builders maintained a checking account with the Adams National Bank d.b.a. Premier Bank (Adams Bank). In 2003 and 2004 Briley Builders maintained a business checking account with Branch Banking & Trust Co. (BB&T Bank). In 2005 Briley Builders opened a second business checking account with BB&T Bank. In 2004 petitioners maintained a personal checking account with BB&T Bank.

On August 18, 2004, Briley Builders obtained a loan from BB&T Bank. The loan allowed Briley Builders to draw cash advances up to $700,000. Briley Builders made several draws against this loan in 2004 and 2005.

On July 5, 2005, Briley Builders obtained a second loan from BB&T Bank. The loan was for a principal amount of $1,154,000. Briley Builders obtained this loan to purchase land and pay the costs associated with building condominiums on that land.

**[*5]** 2003 Tax Returns

Briley Builders filed timely a Form 1120S, U.S. Income Tax Return for an S Corporation, for tax year 2003. Briley Builders reported no gross sales, but it reported expenses consisting of $350,231 for compensation for officers, $12,000 for taxes and licenses, $40,000 for interest, and $432,504 of other expenses. Briley Builders specified that the other expenses consisted of $5,600 for office expenses, $400,604 for materials, $12,100 for insurance, $2,000 for entertainment, $5,200 for gas, and $7,000 for automobile expenses. Briley Builders reported an NOL of $831,335.

Petitioners filed timely a Form 1040, U.S. Individual Income Tax Return, for tax year 2003. Petitioners reported $42,975 of wages and $46,412 of total income. Petitioners offset their income with Briley Builders' reported $831,335 NOL. Thus, petitioners reported zero taxable income for 2003.

2004 Tax Returns

Briley Builders filed timely a Form 1120S for tax year 2004. Briley Builders reported $1,626,680 of gross sales and $195,030 of ordinary business income. Briley Builders reported expenses consisting of $682,461 for salaries, $8,400 for taxes and licenses, $40,000 for interest, and $700,789 for other expenses. Briley Builders specified that the other expenses consisted of $5,600

**[*6]** for office expenses, $646,489 for materials, $24,100 for insurance, $4,000 for entertainment, $7,600 for gas, and $13,000 for automobile expenses. In total, Briley Builders claimed $1,431,650 of deductions.

Petitioners filed timely a Form 1040 for tax year 2004. Petitioners reported $45,845 of wages and $1,975 of taxable refunds. They also reported a $688,312 carryover NOL from Briley Builders which they used to offset their income. Petitioners reported zero taxable income for 2004.

2005 Tax Returns

Briley Builders filed timely a Form 1120S for tax year 2005. Briley Builders reported $1,026,055 of gross sales and a $91,013 ordinary business loss. Briley Builders reported expenses consisting of $60,000 for compensation for officers, $584 for taxes and licenses, $11,727 for interest, and $1,044,757 for other expenses. Briley Builders specified that the other expenses consisted of $2,942 for office expenses, $535,956 for labor, $393,617 for materials, $30,940 for insurance, $5,500 for entertainment, $23,000 for a surety bond, $46,000 for loan acquisition, $6,522 for automobile expenses, and $280 for tax preparation. In total, Briley Builders claimed $1,117,068 of deductions.

Petitioners filed timely a Form 1040 for tax year 2005. Petitioners reported $34,252 of wages, $52,927 of business income, and $2,143 of taxable refunds.

**[\*7]** Petitioners attached a Schedule C for "Briley Builders Inc" which reported $60,000 of income and $7,073 of expenses. Petitioners reported a $483,316 carryover NOL from Briley Builders which they used to offset their income. They also reduced their gross income by $3,739, equal to one-half of the self-employment tax that they reported as due on their Schedule C. Petitioners reported zero taxable income for 2005.

Notice of Deficiency

On September 23, 2009, respondent issued petitioners a notice of deficiency for tax years 2004 and 2005, determining that Briley Builders (1) underreported its gross income by $271,119 for 2004, (2) did not substantiate certain expenses reported on its 2004 and 2005 Forms 1120S, and (3) must capitalize certain expenses it incurred in 2003 and 2005 and deduct them for 2004 and 2007, respectively.[1] Respondent further determined that petitioners (1) are not entitled to the carryover NOL they reported for 2004 and 2005; (2) underreported petitioner husband's wages from Briley Builders by $60,000 for both 2004 and 2005; (3) did not have a business independent of Briley Builders which would

---

[1]Respondent has conceded that Briley Builders did not underreport its gross income by $271,119 for 2004. Petitioners have conceded that Briley Builders should have capitalized certain expenses it incurred in 2003 and 2005 and deducted them for 2004 and 2007, respectively.

**[*8]** entitle them to file a Schedule C with their 2005 tax return or deduct self-employment tax; (4) must increase their taxable income as a result of respondent's disallowance of Briley Builders' expense deductions for 2004 and 2005; and (5) are liable for the accuracy-related penalty under section 6662(a) for tax years 2004 and 2005.[2]

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners have not claimed or shown that they meet the requirements of section 7491(a) to shift the burden of proof to respondent on any relevant factual issues.

### II. Net Operating Loss

On its 2003 tax return Briley Builders reported an NOL of $831,335. Petitioners carried forward the NOL on both their 2004 and 2005 personal income tax returns. Respondent disallowed the NOL carryovers for both years.

---

[2]Petitioners conceded that they underreported petitioner husband's wages from Briley Builders by $60,000 for both 2004 and 2005.

**[*9]** Section 172 permits a deduction for a taxable year for the full amount of allowable NOL carrybacks from subsequent years and carryovers from previous years, as long as taxable income for the current year is not less than zero. Sec. 172(a), (b)(2); Obedin v. Commissioner, T.C. Memo. 2013-223, at *11. Deductions are a matter of legislative grace, and the taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). As with all deductions, taxpayers are required to maintain adequate records substantiating a claimed NOL deduction. See Scharringhausen v. Commissioner, T.C. Memo. 2012-350, at *31-*32.

Taxpayers claiming an NOL deduction bear the burden of substantiating the deduction by establishing both the existence of the NOL and the amount of any NOL that may be carried over to the subject years. Rule 142(a)(1); United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235 (1955); Obedin v. Commissioner, at *7. To claim the deduction, taxpayers must file with their tax return a concise statement setting forth the amount of the NOL deduction claimed and all material and pertinent facts, including a detailed schedule showing the computation of the NOL deduction. Sec. 1.172-1(c), Income Tax Regs.

Petitioners provided a number of documents in an effort to substantiate the NOL. They provided bank records and canceled checks for 2003 from Briley

[*10] Builders' checking accounts with both BB&T Bank and Adams Bank. Petitioners compiled two handwritten summaries based on the bank statements and canceled checks. Petitioners' summaries indicate that Briley Builders paid $407,560 of expenses in 2003.

Petitioners' summaries indicate that $289,553 of the expenses are attributable to the Washington, D.C., property. The parties agree that the $289,553 of expenses attributable to the Washington, D.C., property should have been capitalized under section 263A and deducted when the first six condominiums were sold in 2004.[3]

Petitioners' summaries also indicate that $75,262 of the expenses is attributable to salary payments made to petitioner husband in 2003. Petitioners reported $42,975 of wages on their 2003 tax return but did provide a Form W-2, Wage and Tax Statement. Petitioners did not provide any evidence which shows that the $46,412 of income they reported was attributable to salary payments made

---

[3]Costs related to the business of developing real property must be capitalized and are not currently deductible expenses. Sec. 263A(a)(1)(B); Reichel v. Commissioner, 112 T.C. 14, 16-18 (1999); Von-Lusk v. Commissioner, 104 T.C. 207, 215 (1995). The capitalized cost may then be recovered by the developer upon the sale of the property. Cartier v. Commissioner, T.C. Memo. 2009-10, slip op. at 5; sec. 1.263A-1(c)(3) and (4), Income Tax Regs.

**[*11]** by Briley Builders. Petitioners have failed to meet their burden of showing that Briley Builders made deductible salary payments of $75,262 to petitioner husband.

Petitioners have provided substantiation for a maximum of $42,745 of expenses for Briley Builders in 2003. Since Briley Builders had no gross sales in 2003, Briley Builders would have reported a loss of $42,745 in 2003. Petitioners were entitled to offset their $46,412 of income with the $42,745 loss. As a result Briley Builders did not have an NOL in 2003 for petitioners to carry forward into either 2004 or 2005.

III.   Deductions

Section 162 permits taxpayers to deduct all ordinary and necessary business expenses paid or incurred during the taxable year. A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

**[*12]** A.    <u>2004</u>

On its 2004 tax return Briley Builders claimed a total of $1,431,650 of deductions.  Respondent disallowed $1,399,339 of the claimed deductions on account of petitioners' failure to substantiate the expenses.

Petitioners provided a number of documents, including bank records and canceled checks, in an effort to substantiate the expenses.  Petitioners compiled two handwritten summaries based on the bank statements and canceled checks.  Petitioners' summaries indicate that Briley Builders paid a total of $973,161 of expenses.  These expenses consist of $559,718 for labor costs, $279,125 for materials, $76,687 for office fees, $25,634 for legal fees, $11,900 for vehicle costs, $18,355 for insurance, and $1,742 for taxes.

Respondent has conceded that petitioners are entitled to deduct $330,000 for labor.  Many of the checks that petitioners submitted to substantiate their labor costs are made out to cash or petitioner husband.  Petitioners have not provided any additional evidence to show the purpose of these payments.  Petitioners have not substantiated their reported labor expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct $205,000 for materials.  Petitioners did not submit invoices, bills, or ledgers to support their

[*13] reported expenses for materials. Petitioners have not substantiated their reported materials expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct $11,000 of office fees. Among the documents that petitioners submitted is a check for $50,000 made out to Avenue Settlement Co. The writing on the check indicates that it was negotiated as an "earnest deposit". Petitioners admit that this check was intended to be a deposit for a property they planned to purchase, but the transaction was never completed. The $50,000 was refunded to Briley Builders. Therefore, petitioners never paid this expense; it is not deductible. See, e.g., Sebring v. Commissioner, 93 T.C. 220, 225 (1989); Oatman v. Commissioner, T.C. Memo. 2004-236, slip op. at 7. Petitioners have not substantiated their reported office fees expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct $17,000 of legal fees. Petitioners did submit several checks to substantiate their legal expenses, but they have not substantiated their reported legal fees expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct the $4,300 for vehicle costs, $16,255 for insurance, and $1,742 for taxes that they report on their summaries. Petitioners' documents do not support further deductions.

**[*14]** As discussed earlier, respondent has conceded that petitioners are entitled to deduct for 2004 the $289,553 of expenses that Briley Builders paid with respect to the Washington, D.C., property in 2003. Respondent has conceded that Briley Builders is entitled to deduct a total of $874,850 of expenses for 2004. We do not allow any further deductions.

B.    2005

On its 2005 tax return Briley Builders claimed a total of $1,117,068 of deductions and reported $1,026,055 of income. Respondent disallowed $929,573 of the claimed deductions on account of petitioners' failure to substantiate the expenses.

Petitioners provided a number of documents in an effort to substantiate the expenses. They provided bank records and canceled checks for 2005 from Briley Builders' two checking accounts with BB&T Bank. Petitioners compiled a handwritten summary based on the bank statements and canceled checks. The summary indicates that Briley Builders paid a total of $1,109,825 of expenses. These expenses consist of $536,830 for labor costs, $245,248 for materials, $151,124 for office fees, $31,200 for legal fees, $8,766 for vehicle costs, $124,992 for insurance, and $11,665 for interest.

[*15] Petitioners' summaries indicate that $449,440 of the expenses listed in the summaries is attributable to the Washington, D.C., property. The parties agree that the $449,440 of expenses attributable to the Washington, D.C., property should have been capitalized under section 263A and deducted when the final six condominiums were sold in 2007.

Respondent has conceded that petitioners are entitled to deduct $142,000 for labor. Many of the checks that petitioners submitted to substantiate their labor costs are made out to cash. Petitioners have not provided any additional evidence to show the purpose of these payments. Petitioners have not substantiated their reported labor expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct $135,000 for materials. Petitioners did not submit invoices, bills, or ledgers to support their reported expenses for materials. Petitioners have not substantiated their reported materials expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct $18,000 of office fees. Many of petitioners' summary entries are not supported by checks. In instances where a check is provided, the check often either is made out to cash or does not state the purpose of the expense. Among the checks that petitioners submitted is a check for $20,000 for "Red Box Earnest Deposit". Petitioners

[*16] submitted no evidence about a "Red Box" project. Another check for $65,000 is made out to "D St. Lot LLC". The check does not state its purpose, and petitioners provided no evidence concerning the purpose of the check. Petitioners have not substantiated their reported office fees expenses beyond the amount that respondent has conceded.

Respondent has conceded that petitioners are entitled to deduct $10,000 of legal fees. Many of petitioners' summary entries are not supported by checks. For example, petitioners contend that they paid $7,200 for an arbitration. They did not submit a check to substantiate this expense, nor did they provide any information concerning the payee or the circumstances surrounding the arbitration. Petitioners also did not submit a check to substantiate a $10,000 expense for "Lots 1806-1808", and they failed to introduce any information concerning this entry. Petitioners have not substantiated their reported legal fees expenses beyond the amount that respondent has conceded.

Respondent has conceded that the $8,766 of vehicle costs and $11,665 of interest that petitioners reported on their summaries are substantiated but contends that petitioners can deduct only 50% of each amount for 2005 and must capitalize the remaining 50% of each amount. Petitioners' summary for 2005 indicates that portions of the labor, materials, office, and legal fees are attributable to the

[*17] Washington, D.C., property. They did not, however, attribute any part of the vehicle costs or interest to the Washington, D.C., property. Respondent contends that 50% of these expenses is also attributable to the Washington, D.C., property and is deductible for 2007 under section 263A. Respondent seems to arrive at 50% by dividing the amount that petitioners have conceded is attributable to the Washington, D.C., property, $449,440, by the total expenses that petitioners reported in their summary, $1,109,825. We agree that petitioners can deduct only 50% of each amount for 2005 as they have failed to show that they are entitled to deduct additional amounts for that year.

Respondent has conceded that petitioners incurred $18,000 of insurance costs in 2005, but contends that they can deduct only $9,000 for 2005. Respondent contends that the remaining $9,000 is also attributable to the Washington, D.C., property and must be capitalized and deducted for 2007 under section 263A. Many of petitioners' summary entries are not supported by checks. For example, one entry indicates that petitioners paid $23,000 to Sentry Select Insurance Co. as a performance bond. The bank records that petitioners submitted indicate that a check for $23,000 was issued but they did not include a copy of that check. We have no way of confirming that petitioners issued this check as a bond. Petitioners also reported an insurance expense of $53,720. Petitioners did not

**[\*18]** provide a copy of the check. Petitioners have not substantiated their reported insurance expenses beyond the amount that respondent has conceded.

Respondent has conceded that Briley Builders is entitled to deduct a total of $324,216 of expenses for 2005. We sustain respondent's disallowance of expenses beyond this amount.

IV.  Schedule C

Respondent disallowed petitioners' use of a Schedule C on their 2005 tax return. A taxpayer typically attaches a Schedule C to his or her Form 1040 to report the profits and losses of his or her sole proprietorship. A sole proprietorship is a business owned by one person. Petitioners' Schedule C indicates that petitioner husband was the sole proprietor of Briley Builders. Petitioners admit that in 2005 petitioner husband and petitioner wife each owned 50% of Briley Builders. Briley Builders was not a sole proprietorship in 2005. Petitioners have not provided any evidence that they owned a sole proprietorship in 2005. Since petitioners were not entitled to attach a Schedule C, they were not required to pay self-employment tax. In addition, income from conducting the business of an S corporation is not subject to self-employment tax. See, e.g., Taylor v. Commissioner, T.C. Memo. 2009-235, slip op. at 11. Petitioners were

**[\*19]** not entitled to deduct one-half of the self-employment tax shown as due on their Schedule C.

V.    Accuracy-Related Penalties

Respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for each year in issue.  Section 6662(a) provides a penalty for an underpayment attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1).

The Commissioner bears the burden of production regarding the taxpayer's liability for any penalty.  Sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner has met this burden, the taxpayer must provide persuasive evidence that the Commissioner's determination was incorrect.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do what a reasonable and prudent person would do under the circumstances.  Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  Respondent has demonstrated that petitioners failed to keep

**[\*20]** accurate records with respect to their income and expenses. Many entries in petitioners' summaries are not supported by checks, and the bank records they provided are incomplete. Respondent has shown that petitioners acted negligently with respect to both 2004 and 2005.

The accuracy-related penalty does not apply with respect to any portion of an underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). Petitioners did not show reasonable cause for failing to keep adequate books and records in order to substantiate items properly. We hold that for each year in issue petitioners are liable for a section 6662(a) penalty for negligence.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.